SANFORD
v.
BUTTON.

June, 1810.

---

WILLIAM SANFORD AND LYDIA HIS WIFE, EUNICE BARNES, SIDNEY BROCKET, ANDREW POUCH AND ANNA HIS WIFE *against* NEWBURY BUTTON.

Coparceners whose right of entry is barred by the statute of limitations, cannot recover in ejectment by joining with them one whose right is saved; each, or any number, being capable of vindicating his or their own right without joining the others.

*Quære*, Whether the saving of the statute extends to supervenient disabilities, or to such only as exist at the time the right of entry accrues?

MOTION for a new trial.

This was an action of ejectment, commenced on the 9th of *March*, 1809.

The defendant pleaded the general issue; and on the trial it appeared, that *John Graniss* died seised of the premises in 1746, intestate. They descended to eight children, his heirs at law, one of whom, *Priscilla*, was the mother of *Lydia Sanford*, one of the plaintiffs. *Priscilla* was born in 1720, married in 1739, and died a *feme covert* in 1755; at which time the premises descend-

ed to her children, the present plaintiffs, subject to her husband's curtesy, who died in 1758. *Lydia* was born in 1745, and married, whilst a minor, in 1763, and has remained a *feme covert* to this time. In 1747, *Caleb Graniss*, one of the sons of *John Graniss*, conveyed the premises to *John Stiles*, and *John Stiles* conveyed to *Thomas Nokes*, and *Thomas Nokes* to the defendant. *Stiles, Nokes* and the defendant entered into possession of the premises under their respective deeds, holding the same adversely against all claims, from the year 1747 to the time of trial. Upon these facts, the court directed the jury that the plaintiffs had right to recover the premises as tenants in common with the defendant. The jury found accordingly; and the defendant moved for a new trial on the ground of a misdirection.

*Ingersoll* and *N. Smith*, in support of the motion.

*Daggett* and *Staples*, contra.

REEVE, J. (after stating the case.) Whether the coverture of *Lydia* can protect her right or not since her title accrued to her whilst a minor unmarried, I do not find necessary to determine.

This is a joint suit by several heirs; and it is claimed that the minority or coverture of one saves all the rights of the other heirs. There can be no question but the rule of the common law on a joint suit is, that the minority, &c. of one will save the rights of those of full age; for the recovery must be joint, and no one without the other can recover. And as the rights of the minor are secured, he must recover; and yet he cannot recover, but with all the joint proprietors: of course, they must recover also. The rights of those of full age are preserved, that the minor may have the benefit of his privilege; and the rights of those heirs that are not

June, 1810.

SANFORD
v.
BUTTON.

*femes covert*, are preserved, that the *feme* now she is *discovert*, may have the benefit of her privilege. But such a provision would never have been made, if those of full age, &c. could have asserted their rights without joining the minor. We find no intimation of the rights of an adult or *feme discovert* being saved, except where the suit must be jóint. Amongst tenants in common, where, by the rules of the common law, they cannot join, we find no such rule, that because the rights of a minor tenant in common are preserved, the rights of his fellow tenant, who is an adult, are also preserved. And there is no reason why they should. There never was any impediment to his asserting his own claim. The only reason that can exist why such a rule should obtain, is, that the suit must be joint; and the privileged person cannot recover without joining others in the suit. By our practice, which has been long since settled, from which no inconvenience has arisen, any one joint tenant or coparcener may sue and recover without joining any others. Why, then, do they not assert their claims seasonably? There is nothing to prevent them. And why should they avail themselves of the privilege of others? No reason can be assigned why they should. On this record it does not appear but that all the plaintiffs except *Lydia*, were persons who did not labour under any disability, and might have asserted their claims at any time. They can, therefore, never have a right to recover; and *Lydia* cannot recover in a suit where she has joined those who have no right to recover. The suit being joint, the judgment must be joint also. For these reasons, I should advise a new trial.

In this opinion the other judges severally concurred.

New trial to be granted.