### WHITTLESEY *against* FULLER and others.

The rule of the *English* commonlaw, that where land is given to husband and wife, they take neither as joint tenants nor as tenants in common, but both are seised of the entirety, and neither of them alone can dispose of any part, has never been adopted here ; but in such case, the husband and wife take as joint tenants, and consequently, a conveyance by him alone of his interest, is valid and effectual.

THIS was a bill for the foreclosure of two pieces of land.

On the 14th of *September,* 1818, *Clark Hatch* and two others, for the consideration of 2000 dollars, received of *David Geer,* conveyed to him and his wife *Cynthia Geer,* one of the pieces of land described in the bill. *David Geer,* at the same time, was the sole owner of the other piece. On the 30th of *January,* 1823, *David Geer* conveyed one half of all the premises described in the bill to the plaintiff, to secure certain claims, by a deed, duly recorded, containing the usual covenants. On the 6th of *July,* 1829, he and *Cynthia,* his wife, mortgaged to *Philo Mills,* treasurer of the first ecclesiastical society in *Kent,* one moiety of both pieces of land, to secure a debt due to that society ; since which, an execution in favour of *Clark Beardsley* against *David Geer,* has been levied upon the premises. On the 22d of *January,* 1834, *David* and *Cynthia Geer* conveyed to *John R. Fuller,* all their interest in the premises. At the time of the conveyance to *David* and *Cynthia Geer,* they were, and ever since have been, lawful husband and wife.

A case embracing these facts was reserved for the consideration of this court, on the question, what decree, if any, shall be passed upon the bill.

*P. Miner*, for the plaintiff, after remarking, that the right of the plaintiff to a decree of foreclosure as to the land of which *David Geer* was the sole owner, was not disputed, contended, that he was equally entitled to a decree as to that which was owned by the husband and wife. In support of this position, he insisted,

1. That the rule of the *English* common law, that if an estate be given to a man and his wife, they take neither as joint tenants nor as tenants in common, but both are seised of the *entirety*, and consequently, neither can dispose of any part without the other, has never been adopted in this state. The husband, unquestionably, has an interest in the land ; and by the laws of this state, as well as by the law of reason and common sense, a man's deed shall be valid for so much as he hath right to, and void for the rest. *Martin & ux.* v. *Sterling*, 1 *Root*, 210. Here too, the doctrine of survivorship between joint tenants, has been exploded. *Phelps* v. *Jepson*, 1 *Root*, 48. The principle, on which the rule in *England*, is founded, *viz.* that husband and wife are one, has been greatly relaxed in the courts of law, and is hardly known in equity. If the husband cannot convey his interest, it cannot be transferred, by operation of law ; and hence creditors cannot resort to it for the satisfaction of their claims. An important interest of the husband might thus be locked up, contrary to the policy of our law. In this case, there is a peculiar reason why the husband should be bound, by his mortgage, *viz.* the whole consideration for the land was paid by him.

2. That admitting that the rule in question is founded in principle, still the defendants cannot take advantage of it, in this case. The conveyance to the plaintiff is a deed with covenants of seisin and warranty, for a valuable consideration. He, therefore, and his heirs, grantees, lessees &c., are estopped to deny his title ; and such are all the defendants. *Co. Litt.* 352. *Coe* v. *Talcott* & al. 5 *Day* 88. 1 *Sw. Dig.* 620, 1.

3. That in a bill for a foreclosure, the defendant cannot set up, as a defence, that the mortgagor had no title to the land mortgaged ; *that* not being put in issue. The whole object of the bill is to foreclose the defendant's right to redeem.

*Litchfield*,
June, 1836.

Whittlesey
*v.*
Fuller.

*L. Church*, for the defendants, contended, 1. That it is a well settled rule of the common law, that where an estate is given to husband and wife, they take neither as joint tenants nor as tenants in common ; and one cannot dispose of his interest in it without the consent of the other ; and the whole goes to the survivor. *Co. Litt.* 187. *Back* v. *Andrews*, 2 *Vern.* 120. *Doe* d. *Freestone* v. *Parratt* & ux. 5 *Term Rep.* 652. 654. *Jackson* d. *Stevens* v. *Stevens*, 16 *Johns. Rep.* 110. 115. *Rogers* & al. exrs. v. *Benson* & al. 5. *Johns. Ch. Rep.* 431. 437. *Shaw* & al. v. *Hearsey* & al. 5 *Mass. Rep.* 521. 523. Although it is said in *Phelps* v. *Jepson*, 1 *Root* 48. that the doctrine of survivorship between *joint tenants*, is exploded ; yet there is nothing in the books impugning the principle governing this case ; but the authorities, in this country, as well as in *England*, are the other way.

2. That if this rule is to be adopted here, it follows of course, that the plaintiff can take no decree upon the land owned by *Geer* and his wife, as he claims no title through *both*. The defendants ask for no decree between themselves ; and of course, it is of no importance whether a title to *Geer's* interest in this land was, or was not, acquired, by the levy of the execution.

WILLIAMS, Ch. J. That the legal title to all the land, which was the sole property of *David Geer*, passed to the plaintiff, by the deed of *Geer*, cannot be doubted. Neither is there any doubt, that an interest of some kind in the property conveyed to *Geer* and his wife, also passed. What the ultimate effect of a decree of foreclosure upon that property would be, the parties are desirous now to ascertain, with reference to the question of redemption ; for, if *Geer*, by his deed, conveyed nothing in the estate granted to him and his wife, those who claim under a deed from both, might not think it an object to redeem. The great question, then, is, what interest did *David Geer* acquire in the lands conveyed to him and his wife.

It was suggested, by the counsel for the plaintiff, that as the consideration proceeded from *Geer*, it might, in equity at least, be considered as a deed to him, although his wife also was a grantee. But in the absence of all evidence, that this was not done *bona fide*, a court of equity would not consider this deed to the wife as void, or as conveying nothing to her.

Again, it was said, that *Geer*, and all claiming under him, would be estopped, in consequence of the covenants in the deed to the plaintiff, from claiming against them. But these subsequent mortgagees claim under a deed from the wife, as well as the husband. Of course, they cannot be placed precisely upon the same ground as if they claimed under the deed of *David Geer* alone.

The qustion then returns, what interest was vested in *Geer*, by the deed of *Hatch* and others; or rather, what interest could he convey to the plaintiff, by his mortgage deed. If *Geer* and wife are to be considered as taking this property as joint tenants, then even if she had been dead before the conveyance to the plaintiff, he would have taken one undivided moiety of the land; because, as Judge *Swift* remarks, the odious and unjust doctrine of survivorship was never adopted in this state. 1 *Sw. Syst.* 272. This question was put at rest, by a decision of the superior court, in the year 1769. *Phelps* v. *Jepson,* 1 *Root* 48. So, too, by our practice, one joint tenant can sue alone, without his co-tenant. Indeed, there is, in our state, no essential difference between the rights of joint tenants and tenants in common. *Sanford* v. *Button,* 4 *Day,* 310. 312. Indeed, were it the case of joint tenants, there would be no question, even in *England,* as the tenancy would have been destroyed, by the alienation of one of them, during the life of the other.

But it is said, that although this estate has all the incidents of a joint tenancy, yet that the relation of husband and wife is such, that they cannot receive an estate by moieties, but that each must be seised of the entirety ; and of course, that no part of the property so held can be conveyed by one of them. And that such is the doctrine of the *English* books, cannot be doubted. Husband and wife cannot take by moieties, during the coverture ; and he has no power to sever the jointure, nor to dispose of any part of the land. *Co. Litt.* 299. *Butler and Baker's* case, 3 *Rep.* 30. *Winchester's* case, 3 *Rep.* 5. *Back* v. *Andrews, Prec. in Chan.* 1. S. C. 2 *Vern.* 120. 2 *Eq. Ca. Abr.* 230. And the reason given is, that husband and wife are one. If that were the real reason, it is very difficult to see why a deed to the wife would not be, in effect, a deed to the husband and wife, and *vice versa.* It certainly is not a reason much regarded in a court of equity, where her separate exist-

ence is constantly recognised, in her separate property, her separate contracts, and her separate suits. The courts of that country rather regard it as a rule upon which estates have been settled ; and therefore, not to be disturbed. In a case comparatively modern, *De Grey,* Ch. J., speaks of it as a nice distinction, laid down in our ancient books, and which, having never been over-ruled, continues law at this day. The same words which make other persons joint tenants, will make husband and wife tenants of the entirety, so that neither can sever the jointure, but the whole must accrue to the survivor. *Green* d. *Crew* v. *King,* 2 *W. Bla.* 1211. And the courts in *New-York* have adopted this nice distinction of the ancient law of *Great-Britain. Jackson* d. *Stevens* v. *Stevens,* 16 *Johns. Rep.* 110.

But in *Connecticut,* we cannot learn that it was ever recognised as a law of our state. On the contrary, so far as we are informed, deeds or devises of lands to husband and wife, have been considered as vesting the estate conveyed in the same manner as to other persons. The wife having a separate existence, so as to be able to take by a deed to herself, her identity has not been considered as destroyed, from the fact that the conveyance was to her and to her husband, by one and the same instrument. Estates have been, as we believe, frequently, and so far as we are informed, uniformly, settled upon that principle ; and although no adjudged case has been shewn upon this subject, this practical construction is in such strict accordance with the common understanding, so conformable to the simplicity of our practice, and to the general principles of our law, and has been so long acquiesced in, as to afford high evidence of the question having been settled, by the highest authority ; and if so, we certainly feel no disposition to disturb it.

The superior court, therefore, is advised to grant the prayer of the bill.

The other Judges concurred in this opinion.

Decree for plaintiff.