Grimke, J.
Does the disability of Mrs. Fleming prevent the statute from running, not only as to herself, but as to all the other lessors, is the first question. And whatever doubt may once have been entertained on this subject, it is 'now conclusively settled, 14] both in Great Britain and the United States, *that the statute is saved in favor only of the person laboring under the alleged disability. This is the rule with respect both to coparceners and tenants in common. In Jackson v. Perry, 4 D. & E. 516, where the question was whether the statute would run against all the joint plaintiffs, if any of them were free from disability, Lord Kenyon observed, that it was remarkable it was the first time the question had been made in'the English courts. The action was by partners, and it was held that inasmuch as the suit, to be sustained at all, must necessarily be a joint one, that the statute run against all the joint plaintiffs, although some of them were free from disability. In Marsteller v. McClean, 7 Cranch, 156, which was an action by joint plaintiffs for the recovery of mesne profits, a similar decision was made. It was held that where once the statute runs against one of two parties entitled to a joint action, it operates as a bar to all. Great reliance, however, is placed upon the form of the pleading. There was a joint replication to the *15 statute of limitation, and it was said that inasmuch as it was bad in part, it was bad in the whole. These were, both of them, cases in which the interest of the plaintiffs was joint. But that is not the case in the present instance. The title is joint, but the interest is several and distinct. Accordingly, in Langdon v. Rowlston, 2 Taunt. 440, which was an action of ejectment brought by heirs, it was held that the disability of one of them operated in her favor, although it did not prevent the running of the statute as to the other, and inasmuch as there was a separate demise from the one whowas protected by the statutej the plaintiff obtained judgment for one-half of the land. In Doé v. Barksdale, 2 Brock. 486, this case was recognized as one of great authority, and the same decision was made upon precisely the same' state of facts. It was an ejectment by heirs. The declaration contained both joint and several demises, and it was held that where one of several co-heirs, who labors under no disability, fails to bring his action within the time limited bylaw, although his right of recovery will be barred, it will not affect those who were under disability; and judgment was accordingly rendered for *so much of the land as was [15 claimed by those lessors who were within the saving clause of the statute.
In Sandford v. Button, 4 Day, 310, which was also an ejectment by heirs, a different view seems to have been taken of the law from what was entertained in the two former. There can be no question, it is said, that it is the rule of the common law that, on a joint suit, the disability of one will save the rights of all the others. Jackson v. Perry, and Marsteller v. McClean, had decided that if the statute had barred the right of one, it would bar that of all the others; and Langdon v. Rowlston, and Doe v. Barksdale, had simply decided that if the statute had operated to bar one or more, it would not prejudice the rights of the others. But Sandford V: Button goes much further, and decides that the rights of none are prejudiced. This proceeds on the idea that the action at common law must necessarily be joint. But as the interests of coparceners are several, although their title is joint, it is plain that they may sue either on joint or separate demises. In Sandford v. Button, it is said, the practice peculiar to the State of Gonneeticut has varied the rule on this subject — has authorized separate demises to be laid where coparceners sue; and that, therefore, if one or more labor under disability, there is no reason why, in that state, the protec *16 tion should be extended to the others. The rule with regard to the form of declaring, whero joint tenants, coparceners, and tenants in common sue, is sometimes thus expressed: that the two former being seized, per my et per tout, deriving by one and the same title, and having a joint possession, must join in the action, and that tenants in common, having several and distinct titles and estates independent of each other, must count upon separate demises. Boner v. Juner, Ld. Raym. 726; Morris v. Barry, 1 Wilson, 1; Heatherly v. Weston, 2 Wilson, 232. But we have seen that, in Roe v. Rowlston, and Doe v. Barksdale, the demises were separate and were from coparceners, and they were held to be the only ones on which they could recover. Perhaps it would be more correct to say, that joint tenants must join, coparceners 16] may either join or sever, *Jackson v. Sample, 1 Johns. Cas. 231; and tenants in common must (independently of the statute of Ohio, which authorizes them to join) sever. Even this last rule, so far as regards joint tenants and tenants in common, is, in practice, annulled in Great Britain ; for if a joint tenant bring an ejectment without joining his co-tenant in the demise, it is considered as a severance of the tenancy, and he will be allowed to recover his separate proportion of the land. And if all the joint tenants join in the action, but declare upon separate demises by each, it is held that they may recover the whole premises; because by the several demises the plaintiff has the entire interest in the whole subject matter, although the joint tenancy is severed by the several letting. Doe v. Pearson, 6 East, 173; Doe v. Lonsdale, 12 East, 39; Doe v. Read, 12 East, 57; Doe v. Fenn, 3 Campb. 190. And so tenants in common might, at common law, join in a lease to a third person, stating the demise to the plaintiff to have been made by that lessee. The English cases, however, consider joint tenants as standing upon different ground from coj>arceners or tenants in common. Their interest is considered so indissoluble, that if one or more are barred by the statute, all are barred. In Ohio, coparcenary and tenancy in common are the only species of joint estate known to the law. For the statute permitting partition among joint tenants, and more particularly the statute of wills, which permits them to devise, have by necessary implication abolished the estate of joint tenancy; by destroying its distinguishing feature, the right of survivorship, it has reduced it to a. mere tenancy in common; so that the rule may be laid down *17 generally, and without exception among us, that where one of several persons having a joint estate, labors under a disability which is within the saving of the statute, he may take advantage of it, but none others can.
In Kennedy v. Bruce, 2 Bibb, 371, it was held that under the act of Kentucky of 1797, declaring that entries for land shall become void, if not surveyed before October 1, 1798, with a saving to infants, if any one of the joint owners be under the disability, it brings the entry within the saving as to %ll the others. [17 The question, however, does not appear to have undergone much investigation, and the law undoubtedly was not so well settled then as it has been since.
There is another class of cases in which it has been held that the saving in the statute shall be extended to all, although one only may have labored under disability. Thus, in Kennedy’s Heirs v. Duncan, Hardin, 365, it was determined that if one of the persons against whom a decree is rendered be an infant, his infancy will prevent the statute of limitations from barring those who must necessarily join in a writ of error to reverse such decree. And the same decision, upon the same state of facts, was made in Wilkins v. Phillips, 3 Ohio, 49. Judgment of severance may be given in a writ of error, so as to permit those entitled to sue upon it without joining the others. But there seems to be this distinction, that if anything may be recovered by two or more plaintiffs in a writ of error, judgment of severance can not be given; but where a writ of error is brought by two or more plaintiffs to discharge themselves from some burden, judgment of severance may be given. Cro. Eliz. 649; Cro. Jac. 117, 616. In Wilkins'!;. Phillips, something was to be recovered, and the alternative presented was, that either none or all should be barred. The court yielded to the most favorable construction, and held that the rights of all were protected.
There is still another question which is presented: whether the plaintiff can recover the interest of Elizabeth Fleming, when she is united with the other lessors who are barred. The interest of one coparcener or tenant in common, whose right is saved, may be recovered in ejectment; but then it must be on a separate demise. If the demise is joint, those who are protected stand upon the same disadvantageous ground as in Jackson v. Perry, and Marsteller v. McClean, though not for the same reason. As it is competent to *18, 19 them to sue separately, if they choose voluntarily to confound their interests with that of others who have no rights, they must abide the consequences. Dickey v. Armstrong, 1 Marsh. 39. In 18] the Lessee of Adams v. Turner, 7 Ohio, 136, it *was held that a person possessing title can not combine with himself, in a joint demise, persons who have no title. The only difference between the two cases is, that in the former the defect was disclosed by the plaintiff, and in the present it comes out on proof by the defendant. But the evidence is as conclusive in the one case as in the other. Indeed, it is much more common for a plaintiff to be defeated by the strength of his adversary’s testimony than by the infirmity of his own.
Judgment for defendant.