Alsop v. Russell.

JOSEPH W. ALSOP, JR. AND ANOTHER EXECUTORS *vs.* CLARA
A. RUSSELL AND OTHERS.

The testator died leaving a widow and three minor children. The will contained
the following provisions :—" I give and bequeath to my wife one-third of the
personal estate that shall belong to me at the time of my decease, to have and
to hold to her and her heirs and assigns forever.  I also give to my said wife
the use and improvement of all the real and personal estate that shall belong
to me at the time of my decease, to have and to hold the same until my chil-
dren shall respectively attain to the age of majority ; from and after that time
I give her the use and improvement of one third part of my real estate during
her life.  All the rest, residue and remainder of the estate real and personal
that shall belong to me at the time of my decease, subject to the use of my
said wife as above specified, I give, devise and bequeath to my children and
the survivor and survivors of them, to have and to hold to them and their
heirs in equal proportions forever."

Held, 1. That the widow was entitled to an absolute estate in one-third of all
the personalty.  2. That each child was entitled to its distributive share in
the estate on attaining majority.

PETITION brought to the Superior Court in Middlesex county
by two of the executors of the will of S. Wadsworth Russell,
late of Middletown, deceased, praying for a judicial construc-
tion of the will, and for advice in the execution of their trust.

The will was as follows:

" I, Samuel Wadsworth Russell, of Middletown, in the
county of Middlesex, and State of Connecticut, being of a
sound and disposing mind and memory, do make and ordain
this my last will and testament.

1.  I give and bequeath to my wife, Clara Alsop Russell,
one-third of the personal estate of every nature and descrip-
tion, and wheresoever situated and being, that shall belong to
me, or to which I shall be in any way or manner entitled at
law or in equity at the time of my decease, to have and to
hold to her and her heirs and assigns forever.

I also give to my said wife the use and improvement of all
the real and personal estate of every name, nature and de-
scription, and wherever situated and being, that shall belong
to me, or to which I shall be in any way or manner entitled

at law or in equity at the time of my decease, to have and to hold the same until my children shall respectively attain to the age of majority; from and after that time I give her the use and improvement of one third part of my real estate during her life.

2.   All the rest, residue and remainder of the estate real and personal, of every nature and description, and wherever situated and being, that shall belong to me, or to which I shall be in any way or manner entitled at law or in equity at the time of my decease, subject to the use of my said wife as above specified, I give, devise and bequeath to my children and the survivors and survivor of them, to have and to hold to them and their heirs in equal proportions forever.

3.   I nominate and appoint my said wife Clara Alsop Russell, Dr. Joseph W. Alsop, Jr., of said Middletown, and Frederick Chauncey of New York city, executors of this my last will and testament, who are not required to give bonds.

In witness whereof I have set my hand and seal to this instrument, and a duplicate thereof executed at the same time, either of which may be used and proved as my last will and testament, this 17th day of August, in the year of our Lord one thousand eight hundred and sixty-six."

The testator at his decease left a widow, Clara Alsop Russell, and three children, William Wadsworth Russell aged ten years, Mary Alice Russell aged eight years, and Cornelia Augusta Russell aged four years.

The testator's estate amounted, after the payment of debts and expenses, to $442,006.75.

The Superior Court (*Sanford, J.*) found the facts and reserved the case for advice.

The questions raised sufficiently appear from the opinion.

*R. D. Hubbard*, for the children of the testator.

*Waldo*, for Mrs. Russell.

FOSTER, J.   The petitioners allege that doubts have arisen as to the construction of several of the provisions of this will;

Alsop *v.* Russell.

they therefore invoke the aid and direction of the Superior Court to enable them to proceed safely in the distribution and settlement of this estate. Separate answers have been filed in behalf of the widow and children of the testator, they being all the parties in interest; the facts set forth in the bill have been found true by the court below, and the question what decree shall be passed reserved for the advice of this court.

The intent of the testator is sufficiently manifest in the will before us, to enable us to determine the questions arising on the record without any substantial difficulty.

No doubts have been suggested, indeed none can exist, that the first clause of this will gives to the widow an absolute estate in one third part of the testator's personal property. The language is too clear and explicit to admit of question. This bequest however is said to be modified and changed by the clause next following, so that, instead of taking an absolute estate in one-third of the personalty, the widow takes but the use for a term of years.

Where there are repugnant clauses in a will it is, doubtless, a well established and sound rule of construction, that the last shall be carried into effect, and the first rejected; subsequent words are to be taken as an indication of a subsequent intention. The intent of the testator however is the paramount rule of construction, and that is to be gathered from the whole instrument.

We fail to perceive the repugnancy which is insisted on as existing between the different clauses of this will. " I also give to my said wife the use and improvement of all the real and personal estate," &c., &c. These are not the words, and they immediately follow the clause giving the wife absolutely one-third of the personalty, which would be used by one who proposed to take away, either in part or in whole, what he had just given. It is a manifest perversion of the language to insist that such was the intention. " I also give," &c., is a form of expression equivalent, in this connection, to " in addition to the above, I give," &c. The word " all," as applied to the real estate, comprised the whole, as no portion of

it had been disposed of. As applied to the personal estate, it comprised all there was left; one-third having already been given away, the *residue* was *all* the personal estate; and "all," as here used, is synonymous with the "residue."

We thus find no difficulty in reconciling these clauses of the will with each other, and so giving effect to both. Indeed we think greater violence must be done to the language to create a repugnancy, than to reconcile any which now exists. Mrs. Russell is clearly entitled to an absolute estate in one-third of all the personal property left by the testator.

We pass to the next question suggested on the record, and that is whether the children of the testator are entitled to their respective shares on coming of age, or whether the widow is entitled to the use and improvement of the whole till the youngest attains majority.

The controlling words of the will on this subject are the following:—"To my said wife the use and improvement of all the real and personal estate," &c. &c., " to have and to hold the same until my children shall respectively attain to the age of majority." "All the rest, residue," &c., " subject to the use of my said wife, as above specified, I give, devise, and bequeath to my children, and the survivors and survivor of them, to have and to hold to them and their heirs in equal proportions forever."

While it is intimated by counsel that there may not be in this state any well-marked distinction between joint tenancy and tenancy in common, it is insisted in behalf of the widow, that these children take as joint tenants; that each is entitled to enter at the same time, to wit, when the estate of their mother terminates, and that is when the youngest child attains majority. On the other hand, in behalf of the children, it is insisted that they take as tenants in common, not as joint tenants, and that they are entitled to their shares, in severalty, as they respectively attain the age of twenty-one years.

Joint tenancy, with its distinguishing incident the *jus accrescendi*, the right of survivorship, often denominated an unjust and odious feature, probably never existed in this state. It was considered exploded more than one hundred years ago.

*Phelps* v. *Jepson*, 1 Root, 48. There is no essential difference with us in the rights of joint tenants, coparceners, and tenants in common. *Sanford* v. *Button*, 4 Day, 310; 1 Swift Dig., 104; *Whittlesey* v. *Fuller*, 11 Conn., 337. We stop not therefore to determine whether these children take in the one or in the other of these capacities. Granting what is claimed on behalf of the widow that they take as joint tenants, we are of opinion that, even then, each of these children takes its distributive share on coming of age. The case of *Aylor* v. *Chep*, Cro. Jac., 259, is an authority directly in point; indeed is *ad idem* with the case at bar. There a man devised lands to his two sons and the heirs of their bodies, and that his executors should have them until they came to their several ages of twenty-one years. The question was whether one of them might enter, for it was objected that it was a joint estate to them, which could not be if they should have several commencements. Held, that when either of them came to the age of twenty-one years, he should then have his part and possession, and yet the said joint tenancy should hold place. Bulstrode reports this case differently, but this report from Croke James agrees with Yelverton's and Brownlow's, who report the same case. *Yelv.* 183; 1 *Brownl.*, 147. In *Cook* v. *Garrard*, 1 Saund. Rep., 184 (n. 3), this case is said to be misreported by Bulstrode. Mr. Metcalf, in his note on this case in his edition of Yelverton, says that the report as above given is correct, and that the construction given to the devise has been frequently recognized, and the principle applied in analogous cases. See also 1 Greenlf. Cruise, 367, 8.

That these children on the death of the testator took a vested interest in this estate, does not admit of doubt. A prior interest, the use and improvement of the same estate for a limited period, was given to the widow. How long does that continue? "Until my children shall respectively attain to the age of majority." These are apt words, none more so could readily be chosen, to express the idea that each child on coming of age should take its portion of the estate. "Respectively," must here be taken as a word of division—of separation. In *Goodtitle* v. *Whitby*, 1 Bur. Rep., 234, a case

Alsop *v.* Russell.

similar in many points to the case at bar, Lord Mansfield said, " 'Tis so plain upon the true intent and meaning of this will, that it is a shame to cite cases upon it." Here is a large estate given to the widow and children. That the children are left dependent on their mother during minority is abundantly clear; such is the testator's will. We think it equally clear that this dependence ceases in each case at majority. Then, *reddendo singula singulis*, distribution commences. That his eldest child and only son should remain for six years after coming of age without a dollar which he could call his own, we feel confident was not in the mind of this testator.

The correct construction of this will therefore, in our opinion, gives to Mrs. Russell, the widow of the testator, one-third part of all the personal estate to be hers forever. Also the use and improvement of all the real estate, and the remaining two-thirds of the personal estate, until the eldest child, William Wadsworth Russell, arrives at the age of twenty-one years, at which time one-third of the said two-thirds of said personal estate, and one-third of all said real estate, subject to a life-estate of the widow therein to one-third part thereof, should be distributed to the said William Wadsworth Russell, to him and his heirs forever. The said widow is then entitled to the use and improvement of all the rest and residue of said real and personal estate, until the next eldest of said children, Mary Alice Russell, arrives at the age of twenty-one years, when her third part of the estate is to be distributed to her in manner aforesaid. The said widow is then entitled to the use and improvement of what then remains of said estate, till the youngest child, Cornelia Augusta Russell, attains the age of twenty-one years, when distribution is to be made to her of her share in said estate, in manner aforesaid, thus leaving the widow in the enjoyment of a life estate in one-third of the real estate of said testator.

Our advice to the Superior Court is that they pass a decree in conformity with these views.

In this opinion the other judges concurred.