WALTER E. HOUGHTON, EXECUTOR, *vs.* CHARLES H. BRANTINGHAM ET AL.

Third Judicial District, New Haven, January Term, 1913.
PRENTICE, THAYER, RORABACK, WHEELER and BENNETT, Js.

The existence of a will indicates that the testator intended and attempted to make a different disposition of his property from that which, as he is presumed to know, the law would have made had he died intestate.

Where technical joint tenancies are recognized, a devise to two or more

Houghton *v.* Brantingham.

persons jointly, without other words, is sufficient to carry the whole property to the survivor.

Survivorship, as an incident of joint tenancy, has never been recognized in this State; and although the right of a survivor to take all the property may undoubtedly be created or conferred by a written instrument, it does not arise merely from the creation of a joint tenancy, which, in this State, is practically a tenancy in common.

While in France a testatrix domiciled in this State made a holographic will, in French, giving all her property to her two sons, who were her only heirs at law, "to be divided between them or their legitimate children in equal parts *per stirpes,*" but on the "express condition" that upon the death of one of them or of his representatives, all the property he had received should be delivered up and become the property of the survivor or survivors. The two sons are still living and neither have ever had children. In a suit to construe the will it was *held:*—

1. That no child hereafter born to either of the sons could take anything under the will, since its manifest purpose was to substitute children in place of their father only in case the latter predeceased the testatrix.

2. That although the will was to be interpreted according to our law, yet the technical meaning and use of words in France were to be regarded in order that the instrument might be correctly and adequately translated into English.

3. That the words *"droit d'accroissement"* in French law were not equivalent to the *jus accrescendi* or right of survivorship in our law, but signified merely the right of a legatee to take what his co-legatee either refused or was unable to accept.

4. That the will did not create a technical joint tenancy with the right of survivorship, as contended by the sons, but gave a freehold estate in one half of the property to each of them during their joint lives, with a contingent remainder in fee of the entire property to the surviving son; and therefore each was entitled, during their joint lives, to the possession and use of one half the property awaiting distribution, and the one who survived would be entitled to take the whole in fee.

5. That questions relating to the giving of bonds and the appointment of trustees upon the delivery of the property to the legatees, were for the Court of Probate to determine, and were not proper subjects for advice by this court or by the Superior Court in a suit to construe the will.

Argued January 22d—decided April 17th, 1913.

Suit to determine the validity and construction of the will of Martha C. Brantingham of Stamford, de-

ceased, brought to and reserved by the Superior Court in Fairfield County, *Burpee, J.*, upon the facts alleged in the complaint and answers, for the advice of this court.

The testatrix, who resided in Stamford, in this State, executed, while in France, a holographic will in the French language. The will was admitted to probate by the Court of Probate for the district of Stamford. The will is printed in the foot-note,* and the translation of it as filed in the Court of Probate is as follows:—

"I, the undersigned, Martha Coggeshall Hawley, widow Brantingham, give and bequeath to my two sons, Charles Hawley Brantingham and Francis Edward Brantingham, jointly and with right of accretion between them the entirety of all goods and rights movable and immovable which comprise my estate, to be divided between them or their legitimate children in equal parts and *per stirpes*. On express condition in respect to the legacy aforesaid, at the death of one of my two sons or of his representatives, I will that all the goods and rights which he has received in my suc-

---

* Je soussigné Martha Coggeshall Hawley Veuve Brantingham donne et lègue à mes deux fils Charles Hawley Brantingham et Francis Edward Brantingham conjointement et avec accroissement entre eux l'universalité de tous les biens et droits mobiliers et immobiliers qui composeront ma· succession pour être partgagés entre eux ou leurs enfants legitimes par égales parts et par souche. Comme condition express du legs ci-dessus à la mort de l'un de mes deux fils ou de ses representants, je veux que tous les biens et droits qu'il aura recueillis dans ma succession soient remis et deviennent la propriété du ou des survivants d'entre eux.

.Je nomme pour éxecuteur testamentaire Walter E. Houghton Trésorier de la Citizens Savings Bank de Stamford Connecticut Etats-Unis d'Amérique avec tous pouvoirs et mission de veiller à la stricte execution de conditions ci-dessus.

Je revoque tout précédent testament voulant que celui-là seul soit éxécuté comme contenant mes dérnières volontés.

Fait à Cannes le 31 Mars 1906.

MARTHA C. BRANTINGHAM.

cession shall be delivered up and become the property of the survivor or survivors of them.

"I name for executor testamentary Walter E. Houghton, Treasurer of the Citizens' Savings Bank of Stamford, Connecticut, United States of America, with all powers and authority to attend to the strict execution of the conditions aforesaid.

"I revoke every former testament, willing that this only shall be executed as containing my last wishes.

"Done at Cannes, the 31st of March, 1906.

MARTHA C. BRANTINGHAM."

This will was copied by the testatrix from a draft made at her request by a French notary, to whom she had stated her testamentary wishes.

The testatrix died in Switzerland in September, 1911, and left surviving her as her only heirs at law the two sons who are named in the will. Charles H. Brantingham is now seventy years of age, was married in 1883 to his present wife, who is now fifty-nine years of age, and no child has ever been born to them. The other son is now fifty-seven years of age, and has never married. The executor has settled his administration account, and has on hand for distribution more than $123,000. The defendants, the two sons, on November 21st, 1912, made and executed a mutual division of the assets of the estate, which consist of real estate in Stamford, valued at about $6,500, and stocks, bonds, and other personal securities, and have filed such distribution in the Court of Probate. On December 2d, 1912, they made and executed between themselves a deed, wherein each purports to relinquish and assign to the other any and all right of survivorship which he may have in and to the part of the estate by said division apportioned and set to the other. They have also made and filed in the Court of Probate a waiver, each in favor of the other, of any requirement of a

bond for the protection and security of any right of survivorship accruing to either of them by virtue of the provisions of the will. They have made demand in writing upon the plaintiff, as executor, that he deliver over to each of them, respectively, the personal property respectively set to each of them in said mutual division. The plaintiff refused to comply with such demand of the defendants, and brought this complaint as an amicable proceeding for advice as to the questions therein propounded. Those questions appear in the opinion.

*John E. Keeler*, for the plaintiff.

*Frederick C. Taylor*, for the defendants (Charles H. and Francis E. Brantingham).

THAYER, J. This case, asking the judgment of the Superior Court upon the following questions arising upon the will of Martha C. Brantingham, deceased, has been reserved by that court for our advice: "(1) Do the provisions of the first paragraph of said will create a joint estate in the two sons of the decedent, with right of survivorship, and if so, is the disposition valid? (2) Do the children of said two sons take any interest by virtue of said first paragraph, except in the case of the parent predeceasing the testatrix? (3) Do the provisions of the first and second paragraphs, taken together, create a joint estate in the two sons of the decedent? (4) Is the condition in the second paragraph of said will, requiring the share of the estate received by the son who shall first die, to be paid over to the surviving son, repugnant to the absolute gift (if it so be) contained in the first paragraph, and therefore void? (5) Does each of the sons of the testatrix take the portion of the estate bequeathed to him with

full charge and management of the same until his death, and in case of its delivery to him should a bond be required? (6) Is the appointment of a trustee to hold said estate required, in order to protect the rights of the survivor? (7) Are the rights of said two sons of the decedent so presently vested by reason of right of survivorship, that the executor should make such disposition of the estate as is demanded by them? (8) If said second clause is held to create a right of survivorship to any unborn children of either of the said sons, does this operate to create a perpetuity and thereby vitiate said clause or create intestacy? (9) If the estate shall be held to be intestate, should the executor upon demand of the defendants, who are the only heirs-at-law and next of kin of the decedent, pay over and deliver the estate to them, in such manner as they may mutually agree upon and direct?"

The testatrix is presumed to have known that if she should die intestate, leaving as her sole heirs at law her two sons, her estate, consisting as it did of real estate situated in this State, where her domicil was, and of American securities, would be shared equally between them, and that if, before her death, either of them should die leaving children, such children would take the share of the deceased parent. The fact that she attempted a testamentary disposition of her estate indicates that she desired, and attempted to make, a different disposition of her property from that which the law would make in the absence of a testament. The defendants, not denying this, claim that the will gives the entire estate to them jointly, with the incident of survivorship, and that the references in the will, to the legitimate children of her sons and her son's representatives, are alternative provisions intended to have effect only in case of a son predeceasing the testatrix leaving issue.

With respect to children which may hereafter be born to either of the sons, they can take nothing under the provisions of the will. The testatrix did not say, and there is nothing in the will to indicate that she intended, that her grandchildren, should there be such, should take any portion of her estate under the will, if both of her sons should survive her. By the first clause she gives and bequeaths all of her estate to her two sons "jointly and with right of accretion between them . . . to be divided between them or their legitimate children in equal parts *per stirpes*." The manifest purpose here is to substitute the children in place of the father, should either son fail to survive the testatrix. It cannot have been intended, if the sons both lived to take their legacies, that upon the death of either thereafter the estate should then be divided between his children and the surviving son; for it is provided in the second clause that upon the death of either son the survivor shall have the entire estate. It is also provided in that clause that upon the death of the "representatives" of a deceased son the surviving son shall take the entire estate, and if such representatives outlive the surviving son they are to take the entire estate. The representatives here referred to must be the children of a son who predeceased the testatrix; his share being taken by them, because if both sons survived her, and one then died, the entire estate, under the will, at once becomes the property of the surviving son.

The defendants claim that they take the estate jointly under a technical joint tenancy with all of its incidents, including survivorship. If there is survivorship, it is by virtue of the provisions of the will, and not by virtue of the joint tenancy. There may be joint tenancies in this State, but survivorship as an incident thereto has never been recognized here. There is here

practically no difference between a joint tenancy and a tenancy in common. Each tenant is seized of an undivided share of the whole, proportioned to the number of tenants, as was the case at common law in tenancies in common. But at common law, in the case of a joint tenancy, each tenant is seized of the whole as well as of every part—*per my et per tout*—and it is to this seizin by each of the entirety that the incident of survivorship is due. Upon the death of one, the other or others remain seized of the whole. In this State, therefore, there can be no joint tenancy with the right of survivorship, unless such right is created by the will or other conveyance creating the tenancy. Whether it can be so created, we need not in this case inquire. It is undoubted that a joint tenancy, or tenancy for life, can be created with remainder over to the surviving tenant. Where survivorship as an incident to joint tenancy is recognized, and a devise to two persons jointly for years, for life, or in fee is made, without other words, the incident of survivorship attaches; it is unnecessary to say that the devise is to the two and the survivor of them. Indeed, if a fee is thus given to two and to the survivor of them, it is held that a joint tenancy of freehold for their joint lives is created, with a contingent remainder in fee to the survivor. 2 Blackstone's Commentaries (Sharswood Ed.) 180, note 2. This gives effect to the words "to the survivor of them," which otherwise would be surplusage.

The question is, in the present case, whether the will creates a technical joint tenancy in the two sons, as they claim, or something different. The estate is given to them jointly, with right of accretion, in the first clause of the will; but it is to be divided between them in equal parts. In the absence of the words "conjointement" (jointly) and "avec accroissement" (with right of accretion), this bequest would be held to create

a tenancy in common in the sons. *Griswold* v. *Johnson*, 5 Conn. 363, 365. The language employed by the testatrix, it seems, was suggested to her by a French notary, who was, perhaps, more familiar with the authentication of acts testamentary under the French Civil Code, than with those intended to operate under English law, and this may account for the peculiar phraseology of this testament. It must be interpreted, however, according to our law, as the testatrix was domiciled in this State, where all of her real estate was located; and as her personal property consisted of American securities, there is nothing to indicate that she intended that the will should operate according to foreign laws. But we should look to the technical meaning and use in France of the language adopted in this testament, in order to learn how best to translate it into our own. Williamson, in his French-English Dictionary of Legal Words and Phrases, defines the "droit d'accroissement" in French law as "the right which an heir or a legatee has of combining with his own interest in a succession the interest of a co-heir or co-legatee who either refuses to or cannot accept his interest." The same definition is given in Legrand's "Dictionnaire Usuel de Droit." It would seem, therefore, that the words in this will which have been translated "with right of accretion" mean something different, or have not the full meaning of the words *jus accrescendi*, or of the words "right of survivorship," of our law relating to joint tenancies. It is a right to take what a co-heir or a co-legatee does not accept or take, but not a right to enjoy alone in severalty, by survivorship, what both had already taken and enjoyed together *per my et per tout*. If, therefore, a joint tenancy is created by the first clause of the will, no right of survivorship is thereby attached which would be operative under the law of this State in a case like

the present, where the co-legatees both survive the testatrix, and neither has renounced his legacy, and is capable of taking it.

What the effect of the words "right of accretion," in connection with the word "jointly," in the first clause, would be if we recognized in this State technical joint tenancies with the incident of survivorship, we need not inquire. Where such tenancies are recognized, if a testator makes a bequest to two in language adequate to create a joint tenancy, but adds that the subject of the bequest is to be divided equally between the legatees, it is held that these words create a tenancy in common. 2 Blackstone's Commentaries p. 181, note. In this first clause of her will the testatrix directs that the estate shall be divided equally between her two sons. The language is sufficient to convey to them her entire estate in fee as tenants in common. The word "heirs" is not used, but it is not necessary to carry the fee, where the estate is created by will. But the second clause of the will shows that it was not the intention of the testatrix to give to each son in fee an undivided one half of her property. On the contrary, it shows that the estate in common given to the sons was only for the term of their joint lives—a freehold estate, not an absolute gift of the fee; for it is provided and stated that the legacy is upon the express condition that, upon the death of one, the goods and rights which he has received shall be put back (soient remis), or, as it is translated, delivered up and become the property of the survivor. The whole will thus shows that it was not intended that there should be unity of possession. The property was to be divided and held in severalty during their joint lives. This was not the creation of a joint tenancy with right of survivorship, but the creation of a freehold estate in one half of the property of the testatrix in each of the sons during their joint lives,

with a contingent remainder in fee of the entire estate in the surviving son. This being so, the sons are each entitled, during the joint lives of the two, to the possession and use of one half of the estate in the plaintiff's hands for distribution, and, upon the death of either, the other will be entitled to the whole in fee.

It is for the Court of Probate, in which the estate is pending for settlement, to determine the questions relating to the giving of bonds and the appointment of trustees upon the delivery of the property to the legatees, and it is not for the Superior Court, or this court, to tender advice upon these matters in a proceeding like this, which is to obtain a construction of the will.

The Superior Court is advised to answer the first, second, third, and fourth questions in the negative; to answer the fifth question, except as to the requirement of a bond, in the affirmative; to leave the sixth, seventh, eighth, and ninth questions unanswered, as irrelevant under the construction of the will herein adopted.

No costs in favor of either party will be taxed in this court.

In this opinion the other judges concurred.