JEANETTE H. B. HUGHES, INDIVIDUALLY AND AS
EXECUTRIX *v.* THE FAIRFIELD LUMBER AND
SUPPLY COMPANY ET AL.

SUPERIOR COURT          FAIRFIELD COUNTY          FILE NO. 89950

Memorandum filed July 22, 1954.

*Keogh & Candee,* of Norwalk, for the plaintiff.

*Ostmark & Reinhart* and *David R. Lessler,* both
of Bridgeport, and *Charles F. Spear,* of Westport,
and *Nevas, Nevas & Robinson,* of South Norwalk,
for the defendants.

MURPHY, J.  In 1943, William B. Bradley con-
veyed certain property on Indian Hill Road, West-
port, by warranty deed to Harry B. Hughes and
Jeanette Hale Bradley Hughes, husband and wife.
The consideration recited was less than $100.  The
deed was in the form of a survivorship deed, the
use of which has become quite common.  There is no
statutory law and little case law in Connecticut that
is helpful in determining the nature and extent of
the estates created by such deeds.

Harry B. Hughes died on November 19, 1952.  His
widow is the executrix under his will and appears
in that capacity and also individually as plaintiff
herein.  The defendants are all creditors of the hus-

band who had attached his interest in the property before his death. On December 23, 1952, the Probate Court for the district of Westport declared the deceased husband's estate insolvent. That action served to dissolve those attachments of the husband's interest in the property that had been made within sixty days. General Statutes § 6936; *New Milford Security Co.* v. *Windham County National Bank*, 90 Conn. 323. Action by this court with reference to them is unnecessary. The insolvency did not affect the attachments of the defendants, Fairfield Lumber and Supply Company and Ruth M. Clark.

Neither of the latter had obtained judgment. See *Clark* v. *Hughes*, 139 Conn. 696. The question for determination is whether these attachments of the husband's interest are wiped out by his death because of the survivorship provision in the deed.

The plaintiff contends that the deed created a joint tenancy and that the widow takes the property free of the incumbrances created by the liens of the attachments. It is the defendant Clark's claim that at best the estate created was a tenancy in common with a right of survivorship and that if she recovers judgment in the action which she has pending, she can proceed to execute on the undivided one-half interest under attachment. The defendant lumber company agrees with this contention but also maintains that if a joint tenancy existed, the rights of the attaching creditors against Hughes' interest in the property continued after the death of the debtor.

At common law, a conveyance of land to husband and wife created an estate by the entirety and neither of them alone could dispose of any part of it. *Whittlesey* v. *Fuller*, 11 Conn. 337, 340. In this state, husband and wife take as joint tenants and a conveyance of his interest by one of them is valid and effectual. *Whittlesey* v. *Fuller*, supra.

There is no survivorship between joint tenants. *Phelps* v. *Jepson,* 1 Root 48. In this state, there is no essential difference between the rights of joint tenants and tenants in common. *Sanford* v. *Button,* 4 Day 310, 312; *Houghton* v. *Brantingham,* 86 Conn. 630, 636. Each takes an undivided share in the whole.

There can be no joint tenancy with the right of survivorship unless such right is created by the will or other conveyance creating the tenancy. *Houghton* v. *Brantingham,* supra, 637. In this state, joint tenancies are not favored in the law, and when a joint tenancy is created it does not, as at common law, carry with it the incident of survivorship. If the latter factor is to be joined to the estate created, it must be done with a definite provision in that regard. *State Bank & Trust Co.* v. *Nolan,* 103 Conn. 308, 317; *Mahoney* v. *Mahoney,* 98 Conn. 525, 531.

There are four essential elements to a joint tenancy. There must be unity of (1) time, (2) title, (3) interest and (4) possession. 1. The title of all must be acquired simultaneously. 2. Title of all must be derived from one conveying instrument. 3. The interests of all must be coextensive. 4. The right to possession of all must be coequal. Burby, Real Property, p. 288; 14 Am. Jur. 81, § 7.

The deed to the Hugheses contains all of these essentials. But there is nothing in the deed that states that the grantor intended to create a joint tenancy. It does not seem that inclusion of the survivorship clause would do so ipso facto. At common law, the right of survivorship automatically attached to a joint tenancy. The words indicating survivorship would be mere surplusage so long as the instrument specifically created a joint tenancy.

In a joint tenancy for life to A and B, the words "and the survivor of them" are merely words of surplusage, as without them the lands, upon the death

of one joint tenant, go to the survivor. But in the creation of a joint tenancy in fee, particular care must be taken not to insert these words. For the grant of an estate to two and the survivor of them, and the heirs of the survivor, does not make them joint tenants in fee, but gives them an estate of freehold during their joint lives, with a contingent remainder in fee to the survivor. 2 Bl. Comm. *180.

In *Peyton* v. *Wehrhane,* 125 Conn. 420, 436, in which a will was construed, the testator in unmistakable language provided that the property was to be transferred to certain persons with the right of survivorship as joint tenants and not severally or as tenants in common. In *Houghton* v. *Brantingham,* 86 Conn. 630, 637, the Supreme Court held that in the absence of the words "jointly" and "with right of accretion," the bequest would be held to create a tenancy in common in the sons. And in *Blodgett* v. *Union & New Haven Trust Co.,* 111 Conn. 165, 167, it says that a gift to A and B, the survivor to take the whole absolutely, will be construed to give A and B estates in common with a right in the survivor to take the whole as a remainder interest. That, in my opinion, was the situation created by the deed in this case.

A survivorship provision can properly be attached to a tenancy in common. *Anson* v. *Murphy,* 149 Neb. 716, and cases cited therein. The real object of this deed was to provide for the survivorship.

The interest of a copartner or tenant in common in property may be attached by his individual creditors and held to respond to judgment in the attachment suit. *Norwalk* v. *Ireland,* 68 Conn. 1, 16; *Hannon* v. *O'Dell,* 71 Conn. 698, 705; 6 C.J. 208.

The actions which the defendant lumber company and Clark had instituted against Hughes survived his death. General Statutes § 8337 (as amended,

Cum. Sup. 1953, § 2432c). But it seems doubtful that the liens of their attachments do.

None of the briefs submitted by counsel cite any authorities on the precise point involved here. There are, however, quite a few cases which hold that upon the death of one joint tenant, title vests in the survivor and any liens upon the interest of the decedent are extinguished by his death. The same principle should apply in this case. The survivor takes under the deed and not from the cotenant. Had the defendants pursued their actions to judgment and executed thereon prior to Hughes' death, they would have severed his interest and acquired it themselves. As death vacated his interest, it likewise nullifies the liens of these attachments. *Musa* v. *Segelke & Kohlhaus Co.,* 224 Wis. 432, 111 A.L.R. 168; *Van Antwerp* v. *Horan,* 390 Ill. 449, 161 A.L.R. 1133; *Zeigler* v. *Bonnell,* 52 Cal. App. 2d 217.

A declaratory judgment may enter that the plaintiff, individually, as the survivor of Harry B. Hughes, is the owner in fee of the premises described in paragraph 2 of the complaint and that title thereto vested in her upon the death of said Harry B. Hughes free and clear of the attachments of the defendants, The Fairfield Lumber and Supply Company and Ruth M. Clark.