MARY EMERY *vs.* SAMUEL BATCHELDER, JR. & another, executors.

Suffolk. Jan. 19. — March 3, 1882. LORD, FIELD & C. ALLEN, JJ., absent.

If a person residing in this Commonwealth is appointed executor of a will in another State, and ancillary letters testamentary are also granted to him here, and his final account, showing that the balance in his hands has been paid to him as executor under his appointment in the other State, is allowed by the Probate Court here, this court has no jurisdiction of a bill in equity to construe the will and marshal and distribute the estate.

MORTON, C. J. This is a bill to require the defendants, as executors of the will of Daniel Austin, to reserve and set apart out of the estate of said Austin a fund sufficient to pay the plaintiff an annuity of four hundred dollars a year, given to her by the will.

It appeared at the hearing that the testator was a citizen of the State of Maine; that he died in December 1877, in Kittery in that State; that his will was duly proved there in March 1878, and the defendants were duly appointed and qualified as executors; that the defendants, who are residents of this Commonwealth, proved, in June 1878, the will in the Probate Court for the county of Suffolk, and ancillary letters testamentary were issued to them; that, in October 1880, the said executors filed their final account in the Probate Court for Suffolk County, showing that the balance in their hands was paid to said executors as executors under the appointment of the Probate Court in Maine, which account was allowed.

It also appeared that the estate now in their hands as such executors is not sufficient to pay all the legacies in full; and the question which the plaintiff desires to raise by this bill is, whether the annuity given to her is to abate in common with the other legacies, or is to be paid in full in preference to them.

It is too well settled, as a general rule, to admit of any doubt, that an executor or trustee appointed by judicial decree of a court of another State is accountable only in the courts of that State for the due execution of the trust, and the trust cannot be enforced in this Commonwealth, although the executor or trustee resides here. *Jenkins* v. *Lester*, 131 Mass. 355, and cases cited.

The plaintiff contends that this case is taken out of the general rule by the fact that the will was proved here, and ancillary letters testamentary issued to the defendants. Whether, if the defendants had now in their hands as such ancillary executors any balance for which they are liable to account to the Probate Court of Suffolk County, this court could and would entertain jurisdiction of a bill like this, which affects the rights of all the other legatees and the marshalling and distribution of the whole estate, is a serious question which we are not required to consider. The defendants have not in their hands any funds as executors appointed in this State. They have transmitted the balance of the estate which was in their hands as such executors to themselves as executors in Maine, and this has been allowed and approved by the Probate Court of Suffolk County.

Our statutes provide that, where ancillary administration is taken out in this State, upon the settlement of the estate, after the payment of the debts for which it is liable in this State, the residue of the personal estate may be distributed according to the will, " or in the discretion of the court it may be transmitted to the executor or administrator, if there is any, in the State or country where the deceased had his domicil, to be disposed of according to the laws thereof." Gen. Sts. *c.* 101, §§ 38, 39.

The allowance of the final account, in which the defendants credited themselves with the residue in their hands as paid to the executors in Maine, was in effect an order of the court that such residue should be transmitted to the defendants as principal executors appointed in Maine. If the executors in the two States had been different persons, it is clear that the executors here could not be held accountable in our courts after they had, under an order of the Probate Court, transmitted the balance in their hands to the executors in Maine. They then would have fully administered the estate here, and there would be nothing upon which a decree of the court here could act.

The principle is the same where the executors in the two States are the same persons. They act in each State in a different capacity, and are in law regarded as different persons. When the defendants acting as executors in Massachusetts transmitted the estate in their hands, as such executors, to themselves, acting as executors in Maine, they had performed all

their duties in Massachusetts, and were no longer accountable as executors here. They thereby placed the whole of the estate of the testator within the jurisdiction and control of the courts of Maine, and are accountable for it there. We àre of opinion that this jurisdiction is exclusive; and that this court cannot entertain a bill in equity, for the purpose of construing the will and marshalling and distributing the estate. *Bill dismissed.*

*N. C. Berry & J. K. Berry*, for the plaintiff.

*E. D. Sohier & C. A. Welch*, for the defendants.