F. BLANCHARD McCURDY & another *vs.* CHARLES A. McCALLUM & others.

Middlesex.    September 8, 1904. — October 18, 1904.

Present: KNOWLTON, C. J., BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Conflict of Laws. Evidence,* Proof of foreign law. *Practice, Civil,* Report. *Trust,* Precatory. *Devise and Legacy,* Construction. *Words,* "Request."

A will proved in the domicil of the testator in a foreign country is to be construed by the law of that country.

Where a report from a judge of the Superior Court sitting in equity speaks of the "questions of law" raised, and reports a "finding" of the judge as to the law of Nova Scotia, the report submits to this court a question of fact as to the law of that province. In this case the question was to be decided upon the pleadings and an agreed statement of facts, by which it was stipulated that either party might refer to the reports of the Supreme Court of Nova Scotia, the reports of the Supreme Court of Canada, and the reports of any courts in England, as well as to any English text books on the subject in question, it being agreed that the law of Nova Scotia on that subject was the same as that of England.

A testatrix, a widow, after providing for her children other than her son H., made the following bequest to her daughter in law S. wife of H.: "To S. wife of H., I devise and bequeath the sum of $2000 this amount is to be free from the control of her husband and her son G., and I request the said S. at her death to give the same to her two daughters V. and M., but the receipt of the said S. for the said amount shall be a sufficient discharge to my executors therefor." *Held,* that, under the law of Nova Scotia as proved in the case, this bequest, construed in the light of other portions of the will, created a trust, under which S. held the $2,000 with the right to use the income during her life, the principal to go to her two daughters upon her death, the word "request" being used in an imperative sense.

BILL IN EQUITY, filed November 23 and amended December 8, 1903, by a judgment creditor of Susan B. McCallum, of the

Province of Nova Scotia in the Dominion of Canada, to obtain $2,000 alleged to have been transferred and conveyed by her to Vesta Vane McCallum, for the purpose of delaying and defrauding the plaintiffs in the collection of their claim, and alleged to be in the possession of the defendants, Charles Adams McCallum of Newton, and Vesta Vane McCallum of Belmont, both in this Commonwealth.

The answers alleged that the $2,000 in question had been held by Susan B. McCallum, not as her own property, but in trust for her daughters Vesta Vane McCallum and Marion McCallum, under the will of M. Jane McCallum, late of Maitland in the Province of Nova Scotia.

In the Superior Court the case was heard by *Hardy*, J. upon an agreed statement of facts. He made a decree dismissing the bill with costs, but at the request of the plaintiffs reported the case for determination by this court. If the court should be of opinion that the judge's "finding" was correct the entry was to be "Bill dismissed with costs"; otherwise, such decree was to be entered as this court might consider proper.

The will of M. Jane McCallum, proved and allowed by the Probate Court for the County of Hants in the Province of Nova Scotia, on May 23, 1902, was as follows:

"I, M. Jane McCallum of Maitland in the County of Hants and Province of Nova Scotia, widow of the late Archibald McCallum, declare this to be my last will and testament.

"1. I, hereby nominate and appoint my son Charles Adams McCallum of Newton Highlands in the State of Massachusetts, and Norman J. Layton of Truro in the County of Colchester, barrister-at-law, to be the executors and trustees of this my will.

"2. I hereby devise and bequeath to my son Oscar F. McCallum M. D. the homestead property formerly owned by the late Archibald McCallum and situate at Maitland aforesaid, with all of the Dyke Marsh formerly owned by said Archibald McCallum, and being all the real estate that was bequeathed to me under the will of the said Archibald McCallum, to have and to hold the said lands and premises unto the said Oscar F. McCallum his heirs and assigns forever.

"3. To my said son Charles Adams McCallum I devise and

bequeath the sum of ten thousand dollars ($10,000.00) and his father's old watch and chain.

"4. To my granddaughter Ida St. Clair Douglas I devise and bequeath the sum of seven thousand dollars (7,000.00) and in addition thereto I require my executors and trustees to invest in their own names the sum of $8,000.00 and the interest or dividends arising therefrom they are to pay to my said granddaughter Ida St. Clair Douglas until she is married, and after her marriage they are to pay over the said principal sum of eight thousand dollars to the said Ida St. Clair Douglas, but if the said Ida St. Clair Douglas should die without being married then the said sum of eight thousand dollars is to revert to my estate and go to the residuary legatees under this my will.

"5. To Susan McCallum wife of Hugh McCallum, I devise and bequeath the sum of two thousand dollars ($2,000.00) this amount is to be free from the control of her husband and her son Guy McCallum, and I request the said Susan McCallum at her death to give the same to her two daughters Vesta Vane McCallum and Marion McCallum, but the receipt of the said Susan McCallum for the said amount shall be a sufficient discharge to my executors therefor.

"6. To Jennie McCallum daughter of Israel McCallum I devise and bequeath the sum of one thousand dollars ($1,000.00).

"7. To Robert McCallum son of Israel McCallum I devise and bequeath the sum of one thousand dollars ($1,000.00).

"8. To Archibald Clinch, son of D. C. Clinch of Saint John N. B. I devise and bequeath the sum of one thousand dollars ($1,000.00).

"9. To Oscar Á. McC. Wilson, son of Edward F. Wilson, I devise and bequeath the sum of one thousand dollars ($1,000.00).

"10. To my granddaughter Minnie Urquhart daughter of Lucy Urquhart I devise and bequeath the sum of one thousand dollars ($1,000.00).

"11. To my granddaughter Gertrude Urquhart daughter of Lucy Urquhart I devise and bequeath the sum of one thousand dollars ($1,000.00).

"12. To my son Israel McCallum I devise and bequeath the sum of one thousand dollars ($1,000.00).

"13. To my daughter Mrs. Lucy Urquhart I devise and bequeath the sum of one thousand dollars ($1,000.00).

"14. To my daughters Maria Douglas, Susan Clinch and Anna N. Wilson I devise and bequeath the sum of three thousand dollars ($3,000.00) each.

"15. To the Reverand Chalmers Jack formerly Presbyterian Minister at Maitland I devise and bequeath the sum of five hundred dollars ($500.00).

"16. To the Reverand George Ross the Presbyterian Minister at Maitland I devise and bequeath the sum of eight hundred dollars ($800.00).

"17. To the trustees of Saint Davids Presbyterian Church at Maitland I devise and bequeath the sum of five hundred dollars ($500.00) for the purposes of said church.

"18. My said executors shall not be required to pay any legacy under this my will sooner than one year after my decease, and should there not be sufficient funds in my estate to pay all the cash legacies in full each cash legacy shall abate pro rata.

"19. Should my grandsons Archibald Clinch and Oscar A. McC. Wilson or either of them not have arrived at the age of twenty-one years when my said executors are ready to pay their legacies, then I hereby authorize my said executors to pay their said legacies to either of their parents, and the receipt of either parent of the said Archibald Clinch and Oscar A. McC. Wilson for their respective legacies shall be a sufficient discharge to my said executors therefor.

"20. All the rest and residue of my estate I devise and bequeath to my daughters Maria Douglas, Susan Clinch and Anna F. Wilson, whom I hereby make my residuary legatees, share and share alike. .

"21. And I hereby revoke all former wills by me at any time heretofore made.

"In witness whereof I have hereunto subscribed my name and affixed my seal this twenty-sixth day of April in the year of our Lord one thousand nine hundred and two. M. Jane McCallum." [seal]

"Signed by the said testator as her last will and testament, in the presence of us, present at the same time, who at her request, in her presence, and in the presence of each other have subscribed our names as witnesses. R. F. O'Brien, Herbert Eaton, Norman J. Layton."

*J. E. Eaton, E. T. McKnight & P. W. Carver*, for the plaintiffs.
*F. G. Cook*, for the defendants.

HAMMOND, J.    The first question is whether the bequest made to Susan B. McCallum in the fifth clause of the will of M. Jane McCallum is absolute, or upon trust.    Inasmuch as the testatrix was domiciled and the will was proved in Nova Scotia the construction, meaning and legal effect of the clause is to be determined by the law of that province, which it is agreed is the same as the law of England.    While the report speaks of this question as one of the "questions of law" raised at the trial before the Superior Court, yet, being a question as to the law of a foreign country, it is here one of fact, and the judge who signs the report speaks of his "finding" with reference to it.    While in this and other respects the language used in the report is somewhat conflicting, still we think it plain that the report submits to us this question as a question of fact to be decided upon the pleadings in connection with the agreed statement of facts, in the twelfth paragraph of which it is stated that "either party may refer to the reports of the Supreme Court of Nova Scotia, the reports of the Supreme Court of Canada, and the reports of any courts in England, as well as to any English text books on the subject."

The clause in question reads as follows : " 5.    To Susan McCallum wife of Hugh McCallum, I devise and bequeath the sum of two thousand dollars ($2,000.00) this amount is to be free from the control of her husband and her son Guy McCallum, and I request the said Susan McCallum at her death to give the same to her two daughters Vesta Vane McCallum and Marion McCallum, but the receipt of the said Susan McCallum for the said amount shall be a sufficient discharge to my executors therefor."

The question is as to the meaning of the word " request."  Is the word used simply to make to Susan a suggestion which she is at liberty to disregard if she sees fit, or is it imperative ?    This question is to be decided in the light of the authorities upon the English law which have been cited by the respective counsel.

From a perusal of these authorities it is manifest that, while in the earlier cases there was a disposition to formulate general rules and to give to a particular word or phrase the same meaning in one will as in another, sometimes even at the risk of

defeating the real intention of the testator, the later cases, in trying to ascertain the true meaning of a word or clause, are inclined to give more consideration to the language of the whole will, and to the particular circumstances of each case. In England, as here, the cardinal rule in the interpretation of wills, to which all other rules must bend, is that the intention of the testator shall prevail, provided that it is consistent with the rules of law. A vigorous statement of the manner in which this rule is applied in England in recent cases is to be found in the following language of Lindley, L. J. in *In re Hamilton*, [1895] 2 Ch. 370, 373 : " You must take the will which you have to construe and see what it means, and if you come to the conclusion that no trust was intended, you say so, although previous judges have said the contrary on some wills more or less similar to the one which you have to construe." As to this very word "request," it has been held in several cases (see *Eade* v. *Eade*, 5 Madd. 118, decided in 1820) that it was mandatory, and in several (see *Hill* v. *Hill*, [1897] 1 Q. B. 483) that it was not. While it is true, as stated by Lord Esher in *Hill* v. *Hill*, that "words of request in their ordinary meaning convey a mere request, and do not convey a legal obligation of any kind either at law or in equity," it is also true, as stated by Lindley, L. J. in *In re Williams*, [1897] 2 Ch. 12, that "Not only in wills but in daily life an expression may be imperative in its real meaning although couched in language which is not imperative in form "; and that " A request is often a polite form of command." In wills words have their ordinary signification unless in the particular case there is something which leads to the conclusion that the testator used them in a different sense.

At the time this will was made the testatrix was a widow of advanced age, having several children and grandchildren. In the first item she nominates persons to be executors; in the second she devises certain real estate in fee to her son Oscar ; in the third she gives $10,000 to her son Charles ; in the fourth she gives $7,000 to her granddaughter Ida absolutely, and in addition establishes a trust for her. Then follows the fifth clause, and after that come several clauses containing various bequests of money to her children, grandchildren and other legatees, and finally a residuary clause to three of her daughters.

In general the will is drawn in apt language, and is very clear; and it is hard to see how any question could be raised as to the meaning of any item except the one now under consideration.

Susan, the legatee named in this fifth item, was the wife of Hugh McCallum the son of the testatrix. Although, as before stated, many of the children and grandchildren receive bequests, all of which with the exception of the trust fund created for the granddaughter Ida in the fourth item are absolute, still the testatrix, for reasons satisfactory at least to herself, treated the family of her son Hugh in a peculiar way. She was willing that $2,000 should go to that family, but she was determined that neither Hugh nor his son Guy should have anything whatever to do with this bequest. She makes the bequest to Hugh's wife, in whom she apparently has confidence, and declares that it shall be entirely free from the control of the husband or son, and she " requests " that Susan shall at her death give it to her daughters, who are the granddaughters of the testatrix. The request is from a woman to her daughter in law, a person connected with her by family ties. This is not a case where there is uncertainty as to the objects of the trust, or as to the amount of it, or where there are any words, as for instance " if she thinks best," or " at her discretion," expressly giving a clear discretion or choice, or where there are words like " absolutely " directly expressing that the bequest is absolute. On the contrary the objects of the bounty, namely, the two granddaughters, are clearly specified, the amount of the trust fund is clearly stated, it is not mingled with any other property, and the relations of the testatrix to the objects of the trust are such as to indicate a strong motive for the bounty and for this method of providing it.

Whether these considerations would of themselves be sufficient to show a trust in this case we are not called upon to decide, because we are of opinion that the intent of the testatrix to create a trust is quite clearly shown by the last clause of the item in question, when it is considered in connection with similar language in the nineteenth item and with the other parts of the will. In this last clause the testatrix provides that " the receipt of the said Susan McCallum for the said amount shall be a sufficient discharge to my executors therefor." It is to be noted that wherever in the will a legacy is given absolutely there is no such

provision as to the receipt of the legatee. None is needed. In the case of an absolute legacy the receipt of the legatee for the amount of his legacy when paid to him is sufficient, and so the will assumes. If therefore this legacy to Susan was absolute, there was no need of this clause, but if it was charged with a trust there was need of it. It must be assumed that the testatrix's intention was definite, and that it was known at least to her. This clause is very significant as showing what her intention was. But this is not all. In the eighth item there is an absolute bequest of $1,000 to Archibald Clinch, and in the ninth item a similar bequest of like amount to one Wilson, both being grandsons of the testatrix. In the nineteenth item it is provided that if these grandsons or either of them shall not have arrived at the age of twenty-one years when the executors are ready to pay the legacies, then the executors are authorized to pay to their parents, "and the receipt of either parent" of these legatees for their respective legacies "shall be a sufficient discharge" therefor. It is certain that the payment of these legacies to the parents and their receipt for the same would not have been a discharge to the executors except for the provision in the will, and hence the provision. The inference is strong that the last clause of the fifth item was inserted for similar reasons, namely, that the person who was not legally entitled to the legacy might receive it and discharge the executors from further liability.

In view of the language of the fifth item when read in connection with the other parts of the will, and of all the circumstances, we are of opinion, upon the authorities placed before us, that by the law of Nova Scotia the word "request" in the fifth item of the will is imperative, and that Susan McCallum holds the $2,000 with the right to use the income during her life, and that the principal is charged with a trust in favor of her two daughters.

We understand that this view of the legal effect of this item under the law of Nova Scotia agrees with that taken by the judge who made the report which is before us, and is the "finding" to which he alludes, and which under the form of the report is decisive of the case. In accordance with the terms of the report, therefore, the following entry must be made:

*Bill dismissed with costs.*