LEWIS H. DAVIS, Exr. *et al.*

*v.*

LYDIA FARLIN UPSON, Admx.

*Opinion filed October 23, 1907—Rehearing denied Dec. 10, 1907.*

1. WILLS—*how question of jurisdiction of court to admit will to probate may be properly raised.* The question of the jurisdiction of the probate or county court to admit to probate an alleged will may be properly raised in such court by a motion to set aside the probate of the will.

2. SAME—*section 10 of Statute of Wills applies to foreign wills and section 11 to domestic wills.* Section 10 of the Statute of Wills, relating to probate, refers to foreign wills while section 11 of such statute contemplates domestic wills only.

3. SAME—*will of non-resident having no land in Illinois cannot be probated here.* The will of a resident of a foreign State can be admitted to probate in Illinois only when the testator died "seized of lands or other real estate" situated in this State; and it is not sufficient that the estate in Illinois consists of bonds in the hands of a resident agent, since the *situs* of such property, in contemplation of law, is the domicile of the testator.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

D. J. SCHUYLER, JAMES C. HUTCHINS, MAX BAIRD, and L. M. GREELEY, for appellants.

ALDEN, LATHAM & YOUNG, for appellee.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

This was a motion made in the probate court of Cook county by the appellee, Lydia Farlin Upson, administratrix, by appointment of the surrogate's court of Warren county, New York, of the estate of Cynthia M. Cameron, who died

February 2, 1898, in Warren county, New York, where she was domiciled at the time of her death and where she had lived for many years prior to her death, against the appellants, Lewis H. Davis, executor, by appointment of the probate court of Cook county, Illinois, of the last will and testament of said Cynthia M. Cameron, deceased, (which last will and testament, and a codicil thereto, were admitted to probate by the probate court of Cook county on May 4, 1898,) and Harriet W. Davis, the sole residuary legatee under said will and codicil, to set aside the probate thereof in the probate court of Cook county on the ground that Cynthia M. Cameron was a resident of Warren county, New York, at the time of her death and left no real estate in the State of Illinois at the time of her death, and that the probate court of Cook county was without jurisdiction to admit said will and codicil to probate. The probate court denied the motion, whereupon Lydia Farlin Upson perfected an appeal to the circuit court of Cook county, where the motion was allowed, and the order of the probate court of Cook county admitting said will and codicil to probate and appointing said Lewis H. Davis executor of the last will and testament of said Cynthia M. Cameron, deceased, was vacated and set aside, which judgment of the circuit court has been affirmed by the Appellate Court for the First District, and a further appeal has been prosecuted to this court.

It appears from this record that after a certain instrument in writing purporting to be the last will and testament of Cynthia M. Cameron, deceased, and a codicil thereto, had been admitted to probate by the probate court of Cook county, the heirs-at-law of said Cynthia M. Cameron filed a bill in the superior court of Cook county to contest said will and codicil upon various grounds, among which was that the said Cynthia M. Cameron was domiciled in the State of New York at the time of her death and left no real estate in Illinois at the time of her death, and that the probate

court of Cook county was without jurisdiction to admit said will and codicil to probate. The superior court of Cook county sustained the will and codicil, which decree of the superior court was reversed by the Appellate Court for the First District (*Upson* v. *Davis*, 110 Ill. App. 375,) on the ground that the probate court of Cook county was without jurisdiction to admit said will to probate. The decree of the superior court and the judgment of the Appellate Court were reversed by this court on the ground that the question of the jurisdiction of the probate court of Cook county to admit said will to probate was not involved in said chancery proceeding to contest said will, (*Davis* v. *Upson*, 209 Ill. 206,) and it was held that said question of want of jurisdiction should have been raised by motion in the probate court to vacate and set aside the order admitting said will and codicil to probate, whereupon this motion was made in the probate court. It also appears that the heirs-at-law of Cynthia M. Cameron, deceased, petitioned the surrogate's court of Warren county, New York, where Cynthia M. Cameron was domiciled at the time of her death, to appoint said Lydia Farlin Upson administratrix of the estate of said Cynthia M. Cameron, deceased, alleging that she died intestate. The appellants in this case were not made parties to that proceeding. They, however, employed a firm of lawyers in the State of New York to appear in the surrogate's court of Warren county for certain minors who were named as beneficiaries in said will and who were parties to said proceeding, who set up in their names that said Cynthia M. Cameron died testate, and copies of the instrument purporting to be the last will and testament of Cynthia M. Cameron, deceased, and the codicil thereto, and the order of the probate court of Cook county admitting the same to probate, were introduced in evidence in said surrogate's court. Upon the hearing of said application for the appointment of said Lydia Farlin Upson as administratrix of the estate of said Cynthia M. Cameron, deceased,

the said surrogate's court held that said will and codicil were not properly executed under the laws of the State of New York, and that said Cynthia M. Cameron, deceased, died intestate, and appointed said Lydia Farlin Upson administratrix of the estate of Cynthia M. Cameron, deceased, which judgment of the surrogate's court of Warren county was affirmed by the appellate division of the Supreme Court and the court of appeals of the State of New York. *In re Estate of Cameron,* 47 App. Div. 120; 62 N. Y. Supp. 169; *In re Estate of Cameron,* 166 N. Y. 610.

It further appears that several years prior to the death of Cynthia M. Cameron she sent a large portion of her estate, which consisted of money, to a relative in Chicago for investment in Illinois; that thereafter, upon her order, the portion of her estate in Illinois was turned over to appellant Lewis H. Davis for investment by him in this State; that subsequently Cynthia M. Cameron executed a will, and thereafter a codicil thereto, which she also sent to Lewis H. Davis; that Lewis H. Davis was named as executor therein, and his wife, Harriet W. Davis, was named as residuary legatee therein; that at the time of the death of said Cynthia M. Cameron said will and codicil, and about $12,000 of said fund which was invested in Chicago City Railway bonds, were in the possession of Lewis H. Davis in the city of Chicago, and something like $2500 in cash, the balance of the estate of Cynthia M. Cameron, deceased, was on deposit in a bank in the State of New York or due to her from persons residing in New York; that said Cynthia M. Cameron did not live in Illinois and had no real estate in Illinois at the time of her death, but was at the time of her death, and had been for many years, domiciled in the State of New York.

In the opinion filed in *Davis* v. *Upson,* 209 Ill. 206, it was said (p. 210): "The Appellate Court found from the pleading and the proof that said Cynthia M. Cameron was not a resident of the State of Illinois and did not own any

real estate in the State, and on these facts held that the pro-
bate court of Cook county, Illinois, was wanting in jurisdic-
tion to grant the probate of the will, and for that reason
reversed the decree of the superior court.  *  *  *  If the
probate court was lacking in jurisdiction of the subject mat-
ter, as found by the Appellate Court, the judgment admit-
ting it to probate could be vacated by motion entered either
at the term at which the judgment was made or at any sub-
sequent term.   If jurisdiction was lacking, the proceedings
resulting in the admission of the will and codicil to probate
is void and may be set aside at any time by motion in that
court."

It is therefore settled that the question whether the
probate court of Cook county had jurisdiction to admit to
probate the instrument purporting to be the last will and
testament of Cynthia M. Cameron, deceased, and the codicil
thereto, was properly raised by motion in the probate court,.
and the only question which needs now be considered is,
did the probate court of said Cook county have jurisdiction
to admit said will to probate?   We think that question in-
volves only a consideration of sections 10 and 11 of our
Statute of Wills.    From a consideration of those sections
we think section 10 applies to foreign wills and section 11
to domestic wills.   Those sections read as follows:

"Sec. 10. All wills, testaments and codicils, which here-
tofore have been, or shall hereafter be made, executed and
published out of this State, may be admitted to probate in
any county in this State in which the testator may have
been seized of lands, or other real estate, at the time of his
death, in the same manner, and upon like proof as if the
same had been made, executed and published in this State,
whether such will, testament or codicil has first been pro-
bated in the State, territory or country in which it was made
and declared or not.   And all original wills, or copies there-
of, duly certified according to law, or exemplifications from
the records in pursuance of the law of Congress in relation

to records in foreign States, may be recorded as aforesaid, and shall be good and available in law, the same as wills proved in such county court.

"Sec. 11. If any testator or testatrix shall have a mansion house or known place of residence, his or her will shall be proved in the court of the county wherein such mansion house or place of residence shall be. If he or she has no place of residence, and lands be devised in his or her will, it shall be proved in the court of the county wherein the lands lie, or in one of them, where there shall be land in several different counties; and if he or she have no such known place of residence, and there be no lands devised in such will, the same may be proved either in the county where the testator or testatrix shall have died, or that wherein his or her estate, or the greater part thereof, shall lie."

It is clear from the language of section 10 that a foreign will can be admitted to probate in this State only in case the testator died seized of "lands or other real estate" situated in this State. Cynthia M. Cameron did not reside in this State or die seized of lands or other real estate situated in this State, hence her will could not be properly admitted to probate in this State, and the probate court not having jurisdiction of the subject matter, its order admitting said will and codicil to probate was void and was properly set aside.

It is urged, however, that the last clause of section 11, which provides, "if he or she have no such known place of residence, and there be no lands devised in such will, the same may be proved either in the county where the testator or testatrix shall have died, or that wherein his or her estate, or the greater part thereof, shall lie," conferred jurisdiction upon the probate court of Cook county to admit said will and codicil to probate. As we have said, section 11 applies only to domestic wills. The language is, "if he or she have no such known place of residence,"—that is, "a mansion house or known place of residence." Here the testatrix did

have a known place of residence. And again: "If he or she have no such known place of residence and there be no lands devised," then the will shall be proved "either in the county where the testator or testatrix shall have died,"—clearly the foregoing language applies to residents of this State,—"or that wherein his or her estate, or the greater part thereof, shall lie," which language, we think it equally clear, applies to a resident of this State.

By section 42 of chapter 3 of the Revised Statutes of this State, foreign executors and administrators are given the right to sue in any court in this State upon filing authenticated copies of their letters testamentary or of administration. There is no reason, therefore, why the probate court of Cook county should be given power to admit to probate the wills of non-residents who die without leaving real estate situated in this State. Especially is this true in view of the results that would follow. In this case the courts of the domicile of Cynthia M. Cameron found she died intestate. If the decision of the court of the domicile of a deceased person does not control in the matter of whether the deceased died testate or intestate there must necessarily result a multitude of decisions upon that question, and if a devisee may carry a will from State to State and present it for probate in each State where the decedent had a debt due him at the time of his death, until he can find a State under the laws of which it can be admitted to probate, great confusion in the settlement of estates would follow. In no event did Cynthia M. Cameron fall within the provisions of section 11 of the Wills act, as she left no property in this State. The property belonging to her at the time of her death in the hands of her agent in Illinois, whose agency was revoked by her death, was nothing more than a debt due her from the Chicago City Railway Company. The property in such bonds followed her person, and in contemplation of law was at the time of her death situated at her domicile. The *situs* of said property was therefore in

New York and not in Illinois. *Cooper* v. *Beers,* 143 Ill. 25; *Consolidated Tank Line Co.* v. *Collier,* 148 id. 259; *Holbrook* v. *Ford,* 153 id. 633.

From a careful consideration of this record we are of the opinion that the probate court of Cook county was without jurisdiction to admit the instrument purporting to be the last will and testament of Cynthia M. Cameron, deceased, and the codicil thereto, to probate.

The judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*