Edward W. Hutchins & another, trustees, *vs.* Harrie
W. Browne & another.

Suffolk.    March 10, 1925. — May 29, 1925.

Present: Rugg, C.J., Crosby, Carroll, Wait, & Sanderson, JJ.

*Trust*, Construction of instrument creating trust. *Conflict of Laws.*
*Domicil.    Adoption.    Words*, "Child."

In a will dated in 1873 and allowed in the Probate Court for the county
of Suffolk in 1878, which was its primary and only proof, the testator
described himself as "formerly of Boston in the State of Massachusetts
now resident of Manchester in England, Merchant." The three wit-
nesses to the will were residents of Manchester. The testator gave a
legacy to his "Partner in business [naming him] . . . of Boston,"
appointed him one of the trustees and executors, and also appointed
him guardian of his minor children. The other executors and trustees
were of Boston and New York. The testator further directed that in
default of grandchildren or issue of grandchildren, the estate was to
be divided between his heirs at law, "according to the provisions of the
then existing Laws of Massachusetts." A trust created by the will was
to continue until the death of the child who shall longest survive, "the
child or children of any of my children who shall die leaving a child or
children, to take the same share of the income that the parent would
if living." In 1919 a son of the testator by court proceedings in New
York adopted as his daughter a woman who was born in 1897. The
son then died. The adopted daughter claimed that portion of the in-
come which had been her adoptive father's, against the claim of the
survivor of the testator's children, all others of whom had died childless.
In a bill in equity by the trustees for instructions, it was *held*, that
(1) An inference was warranted that the testator's domicil, once in
Boston, never had been changed;
(2) The law of this Commonwealth governed construction of the will;
(3) It could not be said that the testator intended to include among
the beneficiaries of his will one who, born twenty years after the testa-
tor's death, had been adopted by his son more than forty years after
that death; and therefore, under G. L. c. 210, § 8, the adopted daughter
of the son was not entitled to benefit under the will.
In the suit above described, *it was stated* that by the law of England, which
was found as a fact by the single justice who heard the suit, the same
result was reached, and that the law of the State of New York, the place
of the adoption of the daughter, was not material.

BILL IN EQUITY, filed in the Supreme Judicial Court for
the county of Suffolk on May 27, 1924, by the surviving

trustees under the will of George H. Browne for instructions described in the opinion.

The suit was heard by *Crosby*, J., upon the pleadings, a stipulation by the parties, and certain requests for findings and rulings. The substance of the findings and rulings is described in the opinion. The defendant Dorothy C. G. Browne appealed.

*A. T. Sieker*, of New York, (*T. L. Walsh* with him,) for the defendant Dorothy C. G. Browne.

*S. H. Batchelder*, for the defendant Harrie W. Browne.

CARROLL, J. By the third clause of the will of George H. Browne, dated November 28, 1873, and allowed by the Probate Court for the County of Suffolk January 28, 1878, the testator having died October 27, 1877, the residue of his estate was given to trustees to divide the net income, "after paying the expenses and charges of this trust and the annuity provided in the second item" of the will, equally among his lawful children "who shall survive . . . [him] during their respective lives"; the trust to continue until the death of the child who shall longest survive, "the child or children of any of my children who shall die leaving a child or children to take the same share of the income that the parent would if living." Harrie W. Browne, one of the defendants, the only surviving child of the testator, contends that the net income of the trust, accruing since the death of his brother, belongs to him, his brothers and sisters having died without issue. The other defendant, Dorothy C. G. Browne, was adopted on the petition of George C. Browne, and his wife, and by a decree dated May 20, 1919, of the Surrogate's Court in and for the county and the State of New York, became their legally adopted daughter. She was born November 13, 1897. George C. Browne was a son of the testator. He died January 27, 1924. Dorothy C. G. Browne contends that she is entitled as the adopted daughter of George C. Browne, to share in the income of the trust estate accruing since the death of George C. Browne. The trustees ask to be instructed whether the entire income belongs to Harrie W. Browne, or is to be paid to him and Dorothy C. G. Browne.

The single justice found that the trust in question has for

nearly fifty years been administered in Massachusetts, where the trustees are residents, and where the will was probated; and he ruled that, if the rights of Dorothy C. G. Browne under the will are not governed by the laws of this Commonwealth, they are controlled by the laws of England, and that under either jurisdiction she has no right under the will, unless the testator intended she should share in the income. He further found that she was not born until twenty years after the testator's death, and was not adopted until more than forty years after his death; that there was no intention on the part of the testator to include her under the third clause of his will; and found and ruled that Harrie W. Browne was entitled to all the income. A decree was entered in accordance with these findings and rulings.

In our opinion the law of this Commonwealth governs in the construction of this will. The testator describes himself as, "I George H. Browne formerly of Boston in the State of Massachusetts now resident of Manchester in England, Merchant." The three witnesses to the will were residents of Manchester. The testator gave a legacy to his "Partner in business Joseph H. White of Boston"; he appointed him one of the trustees and executors, and also appointed him guardian of his minor children. The other executors and trustees were of Boston and New York. The testator further directed that in default of grandchildren or issue of grandchildren, the estate was to be divided between his heirs at law, "according to the provisions of the then existing Laws of Massachusetts." The fact that the testator described himself as a resident of Manchester, England, was not enough to establish his domicil in England. Residence is a circumstance to be taken into account in considering the domicil of a person, but it is not conclusive. His domicil was a question of fact. *White* v. *Stowell,* 229 Mass. 594. *Feehan* v. *Tax Commissioner,* 237 Mass. 169.

We must assume that the domicil of the testator at one time was in Boston. There is nothing designating the acquisition of a new domicil except the statement that his residence is in Manchester, England. On the other hand, the testator's reference to his partner in business as of

Boston, his appointment of him as guardian of his children and as one of his executors and trustees, the appointment of Henry C. Hutchins of Boston and Francis D. Lecompte of New York also as his executors and trustees, and the provision in the will that the remainder of his estate was to be divided among his heirs at law according to the laws of Massachusetts, all indicate that he desired his estate to be administered in accordance with the laws of Massachusetts, and that its care and management were to be in the control of these men, none of whom resided in England, and one of whom he named to care for his children and act as their guardian. The inference could have been drawn that his domicil was in Boston. In addition to this, the will was probated in Suffolk County, where the testator formerly resided; this was apparently the primary and only proof of his will. *Rackemann* v. *Taylor*, 204 Mass. 394. All the petitioning trustees are residents of Massachusetts. And finally, the trust for nearly fifty years has been administered in Massachusetts. See *Tudor* v. *Vail*, 195 Mass. 18. *Greenough* v. *Osgood*, 235 Mass. 235.

In these circumstances the law of Massachusetts governs. Under G. L. c. 210, § 8, the word "child" in a grant, devise, bequest, or a trust settlement, includes a child adopted by the settlor, grantor or testator, unless the contrary appears by the terms of the instrument. But if the settlor or testator is not himself the adopting parent, the child by adoption shall not have under such instrument "the rights of a child born in lawful wedlock to the adopting parent, unless it plainly appears to have been the intention of the settlor, grantor or testator, to include an adopted child." It cannot be said that the testator intended to include Dorothy C. G. Browne among the beneficiaries under his will. She was not born during his lifetime; she was not born until twenty years after his death, and it was more than forty years after his death before she was adopted. There is nothing to show, in the words of the statute, that "it plainly appears to have been the intention of the . . . testator, to include an adopted child." The finding, therefore, of the single justice that the testator did not intend to include Dorothy C. G. Browne

under article three of his will cannot be disturbed. See *Wyeth* v. *Stone*, 144 Mass. 441; *Blodgett* v. *Stowell*, 189 Mass. 142; *Walcott* v. *Robinson*, 214 Mass. 172; *MacMaster* v. *Fobes*, 226 Mass. 396.

Even if the law of Massachusetts does not control, it was found as a fact that, if the rights of the respondent Dorothy C. G. Browne were governed by the laws of England, she could not share in the income unless this was the testator's intention; and that he had no such intention. ·The law of England was a question of fact. These findings of facts are final and must stand, like every finding on such a question. *Mercantile Guaranty Co.* v. *Hilton*, 191 Mass. 141. *Commonwealth* v. *Stevens*, 196 Mass. 280. *Electric Welding Co. Ltd.* v. *Prince*, 200 Mass. 386. The parties stipulated that they could cite from the statute laws and decrees of the courts of Great Britain; and that the statute law and cases cited should be considered as in evidence in the case at bar. Under the stipulation, even if we could review the decision of the presiding judge on a question of fact, we see no reason to disturb this finding. See 17 Halsbury's Laws of England, § 260. See *Hill* v. *Crook*, L. R. 6 Eng. & Ir. App. Cas. 265, 276; *Dorin* v. *Dorin*, L. R. 7 Eng. & Ir. App. Cas. 568. The question involved is not the right of succession to an intestate's estate, it is the intention of the testator. What that was has been found against the contention of the defendant Dorothy C. G. Browne.

Certain statutes of New York were in evidence. We do not see in what way they are applicable or afford any aid in support of the claim of Dorothy C. G. Browne. She was an adult person when adopted. Chapter 433, Laws of 1920, State of New York, refers to an adult who is adopted, and, so far as related to any will made before April. 22, 1915, an adult so adopted is not an heir, "so as to alter estates or trusts or devises in wills so made or created."

It follows that the decree of the single justice must be affirmed. Costs and, disbursements as between solicitor and client to be in the discretion of the single justice.

*Ordered accordingly.*