## Florence C. Gillette, Executrix, vs. Charles L. Stewart, Trustee, et al.

* First Judicial District, Hartford, May Term, 1928.

Wheeler, C. J., Maltbie, Haines, Hinman and Banks, Js.

* Transferred from Second Judicial District.

Submitted on briefs May 1st, 1928—decided January 18th, 1929.

*Andrew B. Davies,* for the plaintiff.

*Henry H. Pettis,* for the defendants Charles L. Stewart, trustee, and Mary W. Buck.

*Virtume P. A. Quinn,* for the defendant Florence C. Gillette.

WHEELER, C. J.  Augusta P. Gillette domiciled in Norwich died on June 10th, 1927, leaving a will which was duly admitted to probate, the third paragraph of which is: "I give, devise and bequeath all my right, title and interest in the residuary estate under the will of Alice Buck, late of Andover, Massachusetts, deceased, to Charles L. Stewart of said Norwich in trust, or if he die before me, or be unable to act, or decline the trust, then to the Thames National Bank of Norwich as such trustee, to hold the same during the natural life of my said sister, Florence C. Gillette, and to pay her quarterly the income thereof as it accrues; and in case the said trustee finds it, in his opinion, neces-

sary or advisable for her comfortable support, to pay over to her any part or the whole of the principal of said fund, then to pay over to her said principal; and on the death of my said sister, Florence C. Gillette, to transfer and pay over the said fund, or what may remain thereof, to Mary W. Buck, wife of Walter Buck, or if she be not then living, as she may by will appoint, or in case she makes no appointment then to the statutory distributees of her estate, as determined by the statutes of Massachusetts in force at that time. And I hereby empower my said trustee at his discretion and at any time to sell and convey any real estate belonging to said trust fund." Charles L. Stewart, named as trustee, accepted this trust and duly qualified.

Alice Buck, named in paragraph third, died in Andover, Massachusetts, on March 30th, 1907, leaving a will which was duly admitted to probate, and Walter Buck, brother of the testatrix, named therein as executor, accepted the trust and duly qualified. The second paragraph of her will is: "All the rest and residue of my estate, both real and personal of which I may die seized and possessed, or to which I may be entitled at my death, I give, devise and bequeath to my brother, Walter Buck, of said Andover, to enjoy the use and income thereof during his life. Upon the death of my brother, I give, devise and bequeath the said residue to such children of my said brother as may survive him, in equal shares. If, upon his death, he should leave no children surviving him, then I give, devise and bequeath one-third of said residue to the said Mary W. Buck, wife of my brother, absolutely; and the remaining two-thirds to the said Augusta P. Gillette and Florence C. Gillette, to them and their heirs, in equal shares; the survivor of them to take the whole of said two-thirds in case either of them die before me; or when either of them die after me."

Under paragraph second of the will of Alice Buck, Walter Buck was given the life use of the residue of her estate. "Walter Buck, executor of the will of . . . Alice Buck, settled her estate, and thereafter transferred and set over to the Merchants National Bank of Boston, duly appointed and qualified trustee under the second paragraph of the will of the said Alice Buck, the residue of her estate."

It is unquestioned, the duration of the trust for the life tenant ceased upon his death and the residue then vested in the children of Walter Buck in equal shares. In the event of his leaving no children, the testatrix gave one third of the residue to Mary W. Buck, wife of Walter Buck, and the remaining two thirds to Augusta P. Gillette and Florence C. Gillette, in equal shares; the survivor to take the whole two thirds "in case either of them die before me; or when either of them die after me." The bank continued in the execution of the trust until the death of Walter Buck on March 7th, 1927, leaving no child, and upon his death the bank transferred to Mary W. Buck, Augusta P. Gillette and Florence C. Gillette, to each, one third of the residue of the estate of Alice Buck, which was composed in part of cash and furniture and in largest part of shares of stock in corporations, which one third was, at the date of distribution, of the value of upward of $13,000. All of the share so received by Augusta P. Gillette, with the exception of the cash included in her share, remained in her possession in the form in which it was received by her during her lifetime; thereafter all of this share with the exception of the cash in this form came into the possession of, and is now in the possession or control of, Florence C. Gillette, executrix under the will of Augusta P. Gillette, and is of the value of upward of $15,000.

The cash included in the share received by Augusta

P. Gillette, amounting to $1,085.50, was deposited in a banking institution in Washington, D. C., to the credit of a joint account in the names of Augusta P. Gillette and of her sister, Florence C. Gillette, payable to either or to the survivor, and so remained until the death of Augusta P. Gillette, and thereafter has been maintained in the name of Florence C. Gillette.

The questions upon which our advice is desired are two: *First*. Are the provisions of paragraph third of the will of Augusta P. Gillette operative and effective as to that portion of the residuary estate of Alice Buck now in the possession or under the control of the plaintiff. *Second*. If the provisions of this paragraph are inoperative and of no legal effect to whom, and upon what trusts, if any, is this portion of the estate payable?

Whether the provisions of paragraph third of the will of Augusta P. Gillette as to any portion of the residuary estate of Alice Buck are operative must be determined by the terms of this paragraph construed in the light of the other terms of her will and of the surrounding circumstances.

By it she disposed of all her interest in the residuary clause under the will of Alice Buck, present and potential. Her intention is so pronounced and the terms in which she has expressed it so clear and free from ambiguity that neither requires the support of argument. Counsel for Florence C. Gillette in his brief says: "The language of the Gillette will is clear enough, but this court must determine what was Florence's 'right, title and interest in the residuary estate under the will of Alice Buck.' "

The reservation does not raise this question, nor could it properly present such a question for our determination. That would involve the construction of paragraph second of the will of Alice Buck, who was

domiciled in Massachusetts at the time of her death. Her estate was there settled and the executor thereafter transferred to the trustee named under her will the residue of her estate.

The duly appointed trustee executed the trust and transferred the residue to Mary Buck, Augusta P. Gillette and Florence C. Gillette, to each a one third. If this means that the bank made the transfer in a proper proceeding and with the approval of the proper probate court in Massachusetts, the question which Florence C. Gillette wishes adjudicated in this proceeding may have been adjudicated by the proper court in Massachusetts and the determination made as to the estate which Augusta P. Gillette and Florence C. Gillette, respectively, took in the share paid to each. The trustee apparently claims that each was paid and received such share as her sole, separate and absolute estate; in his brief, on page 4, he says: "The language of the residuary clause of Exhibit B is somewhat peculiar and might conceivably support a claim that the gifts to Augusta and Florence were of life interests only, with remainder to the survivor. Whether or not such a construction would have been sustained in the courts of Connecticut, however, these defendants do not feel that the question can be raised or determined in this action. Neither the person nor the estate of Alice Buck were, or are now, subject to the jurisdiction of the courts of Connecticut. Her estate was fully settled and distributed under the laws and by the courts of the State of Massachusetts, where her domicil was, and the residuary shares of Augusta and Florence were paid to and received by them as their sole, separate and absolute property as appears by the record. Matters of succession to a testator's personal estate are governed by the laws of his domicil and the courts of another State have no jurisdiction thereover,

either in direct or collateral proceedings." In the absence of a definite finding as to whether the Court of Probate duly approved the transfer and accepted his accounting thereof we should not, though we had jurisdiction in the premises, attempt to answer the question which Florence C. Gillette desires answered.

There is a further reason why we are without authority under the circumstances of this case to adjudicate upon the construction to be accorded the will of a person domiciled in another jurisdiction, as in this case, where the title to personal and not real property located in Connecticut is involved in such construction. As a general rule, testamentary succession has its situs, in the eye of the law, at the testatrix's domicil as to her real estate and the whole of her personal estate in that jurisdiction. Therefore, unless the facts of this case take it out of the ordinary rule, the law of the jurisdiction in which the testatrix was domiciled at the time of her death controls, since all of the property in question is personal property and no rights of creditors in this jurisdiction are involved, and there is nothing in the will to indicate that the testatrix intended that the will should operate according to foreign laws and the trust in question was neither created, nor being administered in this State. *Marcy* v. *Marcy,* 32 Conn. 308; *Irwin's Appeal,* 33 Conn. 128, 136; *Farmers & Mechanics Savings Bank* v. *Brewer,* 27 Conn. 600; *Bartlett* v. *Sears,* 81 Conn. 34, 70 Atl. 33; *Murdoch* v. *Murdoch,* 81 Conn. 681, 72 Atl. 290; *Houghton* v. *Brantingham,* 86 Conn. 630, 86 Atl. 664; *McCurdy* v. *McCallum,* 186 Mass. 464, 468, 72 N. E. 75; *Frothingham* v. *Shaw,* 175 Mass. 59, 55 N. E. 623; *Hutchins* v. *Browne,* 253 Mass. 55, 147 N. E. 899; American Law Institute Restatement, No. 3 of Conflict of Laws, §§328 and 329.

Our reference to these exceptions is not intended to

be exclusive. There may be other exceptions to the general rule than those to which we have referred.

The case before us is not that of a trustee administering a trust in this jurisdiction which consists of property located here, but of an executor who finds in the estate of his executrix certain property and brings an action seeking to ascertain whether the third paragraph of the will of the testatrix is operative and effective as to the portion of the residuary estate of Alice Buck, late of Andover, Massachusetts, now in the possession of the plaintiff executrix. The construction of this paragraph of the will of Augusta P. Gillette is not, as we have seen, in doubt. But the executor contends "this court must determine what was Florence's 'right, title and interest in the residuary estate under the will of Alice Buck.'" That is, we must resolve the question whether Florence C. Gillette or the trustee is entitled to this fund which came from the residuary fund of the estate of Alice Buck. That question is not before us. If it could properly have been brought before us in an action seeking to ascertain the duty of the executor in relation to this fund, it could not have been reached in an action for the construction of this will. It is not primarily a matter of construction, but one for the determination of the title to the fund.

In *Rackemann* v. *Taylor,* 204 Mass. 394, 398, 90 N. E. 552, the court quotes with approval from *Davis* v. *Upson,* 230 Ill. 327, 333, 82 N. E. 824: "If the decision of the court of the domicil of a deceased person does not control in the matter of whether the deceased died testate or intestate there must necessarily result a multitude of decisions upon that question, and if a devisee may carry a will from State to State and present it for probate in each State where the decedent had a debt due him at the time of his death, until he can find a State under the laws of which it can be ad-

mitted to probate, great confusion in the settlement of estates would follow." See also *Mills* v. *Fogal*, 4 Edw. Ch. (N. Y.) 559; *Emery* v. *Batchelder*, 132 Mass. 452; *Rockwell* v. *Bradshaw*, 67 Conn. 8, 34 Atl. 758.

Upon this record we are unable to answer the questions upon which our advice is desired.

No costs will be taxed in this court for either party.

In this opinion HINMAN and BANKS, Js., concurred.

MALTBIE, J. (concurring). As pointed out in the foregoing opinion, the facts alleged in the complaint indicate that the nature of the rights in the remainders created by the second paragraph of the will of Alice Buck may very likely have been determined in the course of the judicial proceedings in Massachusetts, and if that be so, the decision there made would be conclusive upon us; *Uterhart* v. *United States*, 240 U. S. 598, 603, 36 Sup. Ct. 417; *In re Trufort*, L. R. 36 Ch. Div. 600, 611; 2 Wharton on Conflict of Laws (3d Ed.) p. 1357; 1 Woerner on American Law of Administration (3d Ed.) p. 553; we would not be justified in determining the effect of the provisions of that paragraph in this action lacking definite information as to this matter. I also agree that the question as to the rights of those named in that paragraph to take the remainder interests in the property bequeathed may not properly be determined in an action to construe the will of Augusta P. Gillette. *Crosgrove* v. *Crosgrove*, 69 Conn. 416, 423, 34 Atl. 219; *Montignani* v. *Blade*, 145 N. Y. 111, 125, 39 N. E. 719. My difficulty arises out of that portion of the opinion which deals with the right of the courts of this State to construe the will of a testator who died domiciled in another State. As I read the opinion, it seems to limit that right to situations where the interests of creditors

in this State may be affected, or to the other situations suggested in it, or, at least, to some situation which affords ground for an exception to a supposed general rule which denies that right. It is no doubt true that the laws of the domicil of a testator will ordinarily determine the construction of a will bequeathing personal property, although perhaps a distinction must sometimes be made between a construction which seeks merely to ascertain the actual intent of a testator and one designed to determine the effect to be given to a certain testamentary provision. Note, 2 L. R. A. (N. S.) 443, 453. If, however, facts are present which would be necessary to give a court in this State jurisdiction of an action, we are not precluded from construing such a will by reason of the fact that we would be obliged to apply the law of the testator's domicil. We often are called upon to determine rights upon the basis of the laws of another State; witness, for example, the recent case of *Tuttle* v. *Jockmus,* 106 Conn. 683, 138 Atl. 804. As applied to the construction of a will, the situation is well stated in *Dammert* v. *Osborn,* 140 N. Y. 30, 45, 35 N. E. 407, where it is said: "The contention of the Sociedad seems to be that the bequest is not one which would be recognized as valid in a domestic will, and, therefore, our courts should construe the will, and adjudge it to be entitled to the fund. This position is based upon a misapprehension in regard to the true nature and character of the jurisdiction which courts have long been accustomed to exercise in such cases. Our courts cannot confer title to personal property under a foreign will, upon a claimant here, otherwise than in accordance with the law of the country where the owner was domiciled when he made the will. That law must first determine where the title goes. We may adopt our own methods of ascertaining by proof, or otherwise,

what the foreign law is, as a question of fact, but once ascertained, it must be applied in determining the rights of parties who have invoked the jurisdiction of our courts for the settlement of their claims to the property." In *In re Trufort*, L. R. 36 Ch. Div. 600, 611, the law of England is thus summed up: "The rule to be extracted from these cases appears to be this, that although the parties claiming to be entitled to the estate of a deceased person may not be bound to resort to the tribunals of the country in which the deceased was domiciled, and although the courts of this country may be called upon to administer the estate of a deceased person domiciled abroad, and in such case may be bound to ascertain as best they can who, according to the law of domicil, are entitled to that estate, yet where the title has been adjudicated upon by the courts of the domicil, such adjudication is binding upon, and must be followed by the courts of this country." In addition to the English cases cited in this opinion, see also *Yates* v. *Thomson*, 3 Clark & Fin. 544, 1 Shaw & McL. 795. In *Welch* v. *Adams*, 152 Mass. 74, 25 N. E. 34, the Massachusetts court entertained a suit for the construction of the will of a testator who died domiciled in New Hampshire, where all the parties interested under the will were parties to the proceeding, and the personal property involved was within the jurisdiction of the court, saying (p. 78): "Under such circumstances, it does not constitute a valid objection to the giving of instructions, that the testator was domiciled in another State, or that his will was originally proved there. If it be urged that the Probate Court may yet, in the exercise of its discretion, order the personal property to be transmitted to New Hampshire, and thus that any instructions which we might give would become inoperative, it is sufficient to say that it is not to be

presumed that it would do so when all the circumstances exist which render the disposition of the property, so far as the legatees are concerned, more appropriate here than elsewhere, and when important rights of opposing parties have here been settled upon full notice, especially so when any order for this transfer of the funds would be subject to review by this court sitting as the Supreme Court of Probate." In *McCurdy* v. *McCallum*, 186 Mass. 464, 72 N. E. 75, the Massachusetts court construed the will of a testator domiciled in Nova Scotia, and in *Radford* v. *Fidelity & Columbia Trust Co.*, 185 Ky. 453, 215 S. W. 285, the Kentucky court construed the will of a testator who died domiciled in Indiana. In *In re Campbell's Estate*, 53 Utah, 487, 173 Pac. 688, the question is discussed at length and the right of the Utah court to construe the will of a testator who died domiciled in California was upheld, two judges dissenting. In accordance with these authorities, it is my understanding that where facts necessary to give jurisdiction of an action are present, and the court of the domicil of a testator has not construed his will, there is no principle of law which forbids us to do so.

In this opinion HAINES, J., concurred.